[No. 8,148. Department Two.—July 22, 1884.]

FRANK P. BULL, ASSIGNEE OF R. S. SWAIN, AN INSOLVENT DEBTOR, RESPONDENT, v. S. O. HOUGHTON ET AL., APPELLANTS.

PLEADING—APPOINTMENT OF ASSIGNEE IN INSOLVENCY—JURISDICTION.—Where an action is brought by an assignee in insolvency, his appointment is sufficiently alleged by an averment that he was appointed by an order of the proper court *duly given and made;* it is not necessary to allege that notice to creditors was given before the appointment, or that they failed to act, or that the assignee was competent to be appointed.

ID. — DEMAND. — A demand for the repayment of money paid by an insolvent in
fraud of his creditors need not be made by his assignee before the commence-
ment of an action for its recovery.

ID. — DUTY OF ASSIGNEE. — An assignee in insolvency may recover by suit any
moneys paid in fraud of creditors, notwithstanding the pendency of bankruptcy
proceedings under the laws of the United States, and although no creditors proved
their claims other than such as existed prior to the adjudication in bankruptcy.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court

*Houghton & Reynolds,* for Appellants.

*J. Alex. Yoell,* and *C. C. Stephens,* for Respondent.

MYRICK, J. — This action was brought by an assignee of an
insolvent to recover money paid by the insolvent to a creditor,
with the intent of giving a preference. The plaintiff had judg-
ment.

On the 25th of July, 1878, Swain (the insolvent) was, under
the federal bankrupt law, adjudged a bankrupt, and in August
following, an assignment of his estate was made. In September,
1879, the United States District Court set apart a homestead to
him. Thereafter, in the same month, in view of an action for a
divorce between Swain and his wife, it was agreed to raise one
thousand dollars by mortgage of the homestead, and that Swain
should take the money as and for his share or interest in the
homestead property; this agreement was carried into effect. On
the 7th of October, 1879, Swain was indebted to defendants in
the sum of one thousand three hundred dollars, and paid them
the one thousand dollars in part payment thereof. On the 25th
of October, 1879, Swain filed a petition in insolvency under the
State law, and such proceedings were had that the plaintiff Bull
was appointed assignee. In the insolvency proceedings, Swain
was discharged of his debts; but the proceedings in bankruptcy
still remain undetermined. The petition in insolvency gave the
names of two creditors, viz., Pellier, whose debt accrued in
1878, and Stephens, whose debt accrued part before and part
after July, 1879, no more certain date appearing.

The appellants present reasons why the judgment should be
reversed: —

1. It does not appear from the complaint that Swain had his domicile or usual residence in Santa Clara County; nor that any schedule was attached to or accompanied his petition; nor that any order was made for creditors to show cause, or that any notice to creditors was given; nor that the petition was verified before the county judge.

The complaint avers that Swain, on a day named, filed his petition duly verified, in the county court of Santa Clara County, alleging his insolvency, and praying to be discharged, and thereupon such proceedings were had that afterwards, on a day named, by an order of said county court duly given and made plaintiff was appointed assignee of Swain and duly qualified, and still remains as such, and that said insolvent executed and delivered to plaintiff an assignment of his effects for the benefit of his creditors. We think these averments, so far as they relate to the jurisdiction of the county court and its action, bring the case within section 456 of the Code of Civil Procedure, and are sufficient. It was not necessary to have averred in the complaint that notice was given to the creditors before the appointment of the assignee, or that they failed to act, or that plaintiff was competent to be appointed; the complaint averred that by an order duly given and made, the plaintiff was appointed — which, under the section above referred to, covers the objections presented by defendants.

2. That no demand of plaintiff on the defendants was averred or proved. No demand was necessary. The payment of the money by Swain to the defendants was, under the facts as found, unlawful — no demand was requisite.

3. That the jurisdiction of the federal court was exclusive as to all claims against Swain which accrued prior to July 25, 1878, the date of the adjudication in bankruptcy. Whatever might have been the rule if Swain had been discharged in bankruptcy, it is sufficient to say that he was not so discharged. For aught we can say, he may never be so discharged — it may be that all his creditors, both early and late, before the insolvency discharge, may be entitled to share. It is the duty of the assignee in this case to recover the entire estate, and hold it for parties interested.

Judgment and order affirmed.

Sharpstein, J., concurred.

Thornton, J., concurring. — In concurring in the above opinion, I desire to add that defendants, not having in any way connected themselves with the assignee in bankruptcy, or shown any authority from the latter to set up his title in defense, cannot avail themselves of such defense. (*Palmtag* v. *Doutrick,* 59 Cal. 154; *Dodge* v. *Meyer,* 61 Cal. 405.)

Hearing in Bank denied.