HARVEY et al. v. RICHMOND & M. RY. CO. et al.

(Circuit Court, E. D. Virginia. October 8, 1894.)

1. EQUITY PLEADING—TIME OF FILING DEMURRER.

When two demurrers, virtually the same, are filed to a bill, one within the time required by the court, the other subsequent to that time, it is within the discretion of the court to permit the filing of the second demurrer.

2. FEDERAL COURTS—AVERMENTS SHOWING JURISDICTION.
      A bill must give jurisdiction in the district in which the suit is
   brought. Consequently, a bill is demurrable which sets out merely that the
   defendant is a resident of Virginia, since there are two judicial districts
   in Virginia.

3. SAME—AMENDMENT.
      Where a bill fails to give merely the places of residence of the parties
   to it, as required by rule 20 in equity, such failure may be corrected by
   amendment on motion without delay.

4. SAME—RESIDENCE OF CORPORATION.
      The fact that a corporation is resident in Richmond, and has its office
   for the transaction of all its business there, cannot be implied from the
   mere use of the word "Richmond" as a part of its corporate name in
   the bill.

On Two Demurrers to the Bill of Complaint.

Steele, Semmes & Cary and Meredith & Cocke, for plaintiffs.

Christian & Christian, Pegram & Stringfellow, and Wyndham R.
Meredith, for defendants.

HUGHES, District Judge. This case is before me at present
solely on the pleadings filed. The bill was first presented to one
of the judges of the court on a motion for an injunction and the
appointment of a receiver. After a hearing on this motion and two
other hearings of motions by the court, the bill went back to
rules. Under the practice obtaining in the circuit courts of the
United States, it became incumbent upon the defendants in the
cause to plead at the September rules last past; that is to say, on
Monday, the 3d of September. It so happened that that day was
a national holiday, and dies non, the clerk's office being closed.
This circumstance constituted Tuesday, the 4th September, which
was the next succeeding day, the September rule day for the pur-
poses of this case. Accordingly, one of the defendants, viz. the
Richmond Railway & Electric Company, appeared and filed a de-
murrer to the bill on the 4th. Afterwards, to wit, on the 6th of
September, the Richmond & Manchester Railway Company en-
tered its appearance by counsel, and tendered a demurrer, on its
part, to the bill of complaint.

The two demurrers are substantially the same. The disposal of
one of them by the court will virtually dispose of the other. As the
demurrer of the Richmond defendant is regularly in, and permission
to file that of the Manchester defendant cannot materially affect the
proceedings in the case, and as, moreover, it is within the discretion
of the court to permit the filing of the demurrer of the Manchester
defendant, the court permits that demurrer to be filed.

The principal ground of demurrer insisted upon by defendants
is the failure of the bill to set out the places of residence of the
plaintiffs in the cause, and also the places of residence of defendants.
The bill alleges the plaintiffs to be citizens of Maryland, and the de-
fendants to be citizens of Virginia, but disregards rule 20 in equity
which requires the residence of all parties to be set out in the bill.
As rule 20 does not define the method by which the disregard of
this requirement by the pleader shall be taken advantage of, I

infer that its intention is to leave that matter in each instance to the discretion of the court. My own opinion, in the absence of conclusive authorities on the subject, is that the failure of the bill to give merely the places of residence of the plaintiffs and defendants is not of sufficient gravity to require resort to a demurrer. I think it would be competent for the court to require the residences to be stated in the bill by amendment on the spot, without delay, on motion.

But the defect of the bill in this case is graver than the mere failure to give residences. There is a jurisdictional omission, more serious than the mere failure to conform to rule 20 in equity. It would not be sufficient for a bill to set out that John Doe, a citizen and resident of Maryland, complains of Richard Roe, a citizen and resident of Virginia. If there were but one judicial district in Virginia, the omission to state Richard Roe's place of residence might not be demurrable, and might be amended on mere motion. But there are two districts in Virginia, and the bill must give jurisdiction in the district in which the suit is brought. It is of jurisdictional essence that the bill shall allege that Richard Roe is a citizen of Virginia, resident at some place, alleged to be in the eastern district of Virginia. The bill at bar uses no other language in describing the defendants than to say that the suit is against "the Richmond & Manchester Railway Company, and the Richmond Railway & Electric Company, corporations duly incorporated under the laws of the state of Virginia, and as such citizens of Virginia." That is all. There is no allegation that the defendant companies are residents, respectively, of Richmond and of Manchester, in the eastern district of Virginia; having their offices for the transaction of all their business (Code Va. § 1104) in Richmond and Manchester, respectively, in the eastern district of Virginia. The omission is jurisdictional, and is demurrable. The fact that a corporation is resident in Richmond, and has its office for the transaction of all its business in Richmond, cannot be implied from the mere circumstance that "Richmond" is a word used in its corporate name. It is a fundamental rule of pleading that implications cannot supply allegations. Certainty and precision are of the essence of pleading, and all material averments must be positive and express. Implications, even necessary implications, can never dispense with material allegations. The bill here is demurrable and defective in not containing all averments giving jurisdiction of the cause to the circuit court of the United States for the eastern district.

I have not time at present to consider the remaining grounds of demurrer set out by the two defendants in the cause. I will say, however, that, whether these grounds be valid or not, the bill is amendable in the respects enumerated, on motion of complainants.

I do not think that the paper called the "answer of defendants" is yet in the cause, except as an affidavit. The defendants are not bound to file an answer in the present stage of the cause.