(38 Misc. Rep. 638.)

### BRYAN v. MADDEN et al.

(Supreme Court, Special Term, Kings County. September, 1902.)

1. FRAUDULENT CONVEYANCE—ILLEGAL PREFERENCE—INCONSISTENT CLAIMS.
   A trustee in bankruptcy sold under order of court the interest of the bankrupt in certain contracts as an insurance agent, securing him commissions on renewals which had been assigned by him to his wife before voluntary proceedings. A grantee of the purchaser at the sale brought an action seeking to set aside the assignment as in fraud of creditors, and also as an illegal preference under the bankruptcy act. *Held* not defective, in alleging inconsistent claims.

2. SAME—SETTING ASIDE—BANKRUPTCY.
   Where an insolvent insurance agent assigned his interest in renewal contracts to his wife, and thereafter his trustee in bankruptcy sold and assigned any interest that the bankrupt might have in such contracts, if the transfer of the wife was subject to the provisions of the bankrupt law, as an unlawful preference, the assignment carried whatever right the trustee in bankruptcy had, including the right to have the assignment set aside as a fraudulent preference.

Action by Charles A. Bryan against Matilda L. Madden and others. Judgment for plaintiff.

This is an action brought by the plaintiff, grantee in a mesne conveyance from the trustee in bankruptcy of William J. Madden, to declare void, as in fraud of creditors, and to set aside as made by way of preference, an assignment by the bankrupt to his wife, within four months prior to his adjudication as a bankrupt, of three contracts entered with the Equitable Life Assurance Society of the United States, under the terms of which the bankrupt

became entitled to renewal commissions accruing in each year on policies written by him. On the 19th day of July, 1900, the bankrupt, who was indebted to his wife for $2,585, assigned to her his interest in the contracts and the renewal commissions. On the 3d day of August, 1900, he was, on his own petition, adjudged a bankrupt, and Edward Butcher, Jr., was on the 23d day of August, 1900, appointed trustee of his estate. Thereafter William J. Madden assigned said contracts to his trustee in pursuance of an order of the district court, dated December 29, 1900, which directed him so to do, and made the following reservation: "And the court not passing upon or determining the alleged right or interest, if any, of the said Matilda L. Madden in the said three contracts." On appeal this order was affirmed. 49 C. C. A. 83, 110 Fed. 348. On the 14th day of October, 1901, the trustee in bankruptcy sold at public auction the interest of the defendant William J. Madden in said contracts to one James S. Clem, who in turn assigned to the plaintiff. The complaint in the action set out that the assignment by William J. Madden to the defendant Matilda L. Madden was made "with the intent and purpose on his part to hinder, delay or defraud his creditors," and was therefore void, and that the assignment was made within four months of the adjudication in bankruptcy of said William J. Madden, and was therefore voidable as a preference. Before any proof was put in, the defendant Matilda L. Madden moved to dismiss the complaint on the ground that the inconsistency between the two or more material allegations contained in the alleged single cause of action in the complaint was fatal.

Charles N. Morgan & Son, for plaintiff.

Alexander & Green (W. L. Kitchel, of counsel), for defendant Equitable Life Assur. Soc. of the United States.

Henry B. Heylman, for defendant Matilda L. Madden.

RUSSELL, J. The objection that the trustee in bankruptcy would not have a right to follow the moneys due from the Equitable Life Assurance Company to the bankrupt, upon the charge that the assignment of the contracts to the bankrupt's wife was a preference made within four months of bankruptcy, and also upon the charge that the assignment was fraudulent as against creditors because the two claims are inconsistent, is not well founded. The bankrupt may well seek to prefer an alleged creditor who is friendly to him, and also retain such a right by secret connivance with that creditor which will enable him to hold the benefits in whole or in part for future use, and so the transfer be unlawful, within the provisions of the bankrupt act. Whatever interest the bankrupt had in the contracts was assignable, and the defendant wife claims her right and such power of assignment by the bankrupt. If she had a right to take an assignment from him, the trustee gained by the proceedings whatever interest the bankrupt had in the contracts; and that interest is to be determined by the status of the contracts, and the ownership thereof under the provisions of the bankrupt act. If the assignment to the wife was valid, the bankrupt had no longer any interest, and the transfer to the trustee in bankruptcy carried no interest whatever. But if that transfer to the wife was subject to the provisions of the national law to further its object in giving to the trustee all the bankrupt's property, including that fraudulently transferred and that given to creditors for preference within four months of bankruptcy, then the trustee took the rights the bankrupt had in the contracts before the assignment to the wife, if he chose to follow his privilege. If this action had been brought by the trustee, his right to recover would have appeared to be

clear. Instead of bringing an action, however, by order of the district court he was directed to transfer the interest of the bankrupt to a purchaser upon a sale made by him, which he did. It will not be assumed that these orders and sale attempted to assign an interest which was nothing if the assignment to the wife were absolute. The intention and effect was to assign whatever right the trustee in bankruptcy had, and that right was the same as the one which the trustee himself could reach, for by the orders for the sale and the sale the trustee parted with every interest he had in the bankrupt's contracts. Otherwise the proceeding would have been a confessedly futile one by the United States court. Nor is the right of action by the trustee a purely personal one. So far as he acts within the obligations of official duty, his power to perform is personal, but so far as he undertakes to pass property rights he assigns all that he can assign; and it is a wholesome rule that he can dispose of property interests which may be the subject of litigation, allowing others interested to carry on the burden, while he himself promptly distributes all the proceeds realized to the creditors, and within a reasonable time terminates his trust. Let judgment go in favor of the plaintiff for the relief asked for in the complaint, with costs against the defendant Matilda L. Madden.

Judgment in favor of plaintiff, with costs against defendant Matilda L. Madden.