WRIGHT v. SKINNER.

SAME v. WILLIAM SKINNER MFG. CO.

(District Court, S. D. New York. April 4, 1905.)

1. BILLS IN EQUITY—ALLEGING CITIZENSHIP.
    A bill in equity in a federal court need allege the citizenship of the parties only where jurisdiction depends on diverse citizenship.

2. SAME—DEMURRER AND MOTION.
    Omission of a bill to allege citizenship of the parties pursuant to equity rule 20 is to be corrected by motion, not by demurrer.

3. SAME—RECOVERY OF PAYMENTS BY BANKRUPT—DEMAND.

A bill in equity by a trustee in bankruptcy to recover payments made by a bankrupt within four months prior to bankruptcy need not allege a previous demand, though this is necessary in actions at law.

4. BANKRUPTCY—BILL BY TRUSTEE—INCONSISTENT CAUSES OF ACTION.

A bill by a trustee in bankruptcy to recover a payment of money made by a bankrupt within four months prior to bankruptcy, by alleging that the transaction amounted to a preference or a fraudulent payment, and that in either case he was entitled to its return, does not unite inconsistent causes of action.

These were demurrers to two bills in equity, filed by a trustee in bankruptcy to recover money paid by the bankrupts to the defendants within four months prior to the bankruptcy. The grounds of objection alleged in the demurrers were that the bills contained no statement of the place of abode or citizenship of the parties, as required by the twentieth equity rule, and that it appeared, by the plaintiff's own showing, by the bills, that the plaintiff was not entitled to the relief prayed for. In support of the latter ground of demurrer, it was argued that the bills did not allege any demand before suit, and that they alleged inconsistent causes of action; one cause of action being for a return of the money on the ground that it was a preference, and the other on the ground that it was a fraudulent transfer.

James, Schell & Elkus (James N. Rosenberg and Joseph M. Pros kauer, of counsel), for complainant.

Austin B. Fletcher (William P. S. Melvin, of counsel), for defendants.

HOLT, District Judge. An allegation of citizenship is not jurisdictional, except in cases in which the jurisdiction depends on the diverse citizenship of the parties. 2 Abb. U. S. Prac. 68. An allegation of the residence of the parties is not necessary to impart jurisdiction. Teese v. Phelps, 1 McAll. 17, Fed. Cas. No. 13,818. An omission to comply with the provisions of rule 20, requiring the place of abode of the parties to be stated, is, in my opinion, not properly corrected by demurrer, but by a motion. Harvey v. Richmond, etc., Co. (C. C.) 64 Fed. 19.

The general rule established by the authorities is that, in suits in equity of this kind, a previous demand is not necessary. It is undoubtedly necessary in actions at law, but in equity the bringing of the suit is itself a sufficient demand. Bruce v. Tilson, 25 N. Y. 194, 202.

The demurrers do not allege as grounds of demurrer that the bill is multifarious, or that the two causes of action are inconsistent. But in any event I think that it is not necessarily impossible that the payment may have been at the same time a preference, and a payment made with intent to hinder, delay, and defraud creditors; and, if it is either, it seems to me that the bill may be drawn so as to meet the alternative. There is alleged in these bills one transaction, consisting of a payment of money. The plaintiff alleges that it amounted to either a preference or a fraudulent payment, and that in either case he is entitled to its return. I cannot see in such an allegation any such inherent inconsistency, as there is in those cases in which it has been held to be not per-

missible to unite two absolutely inconsistent causes for equitable relief, such as a claim to set aside a transfer as void, or to base a recovery on it as valid, and the other instances of legal inconsistency referred to by Judge Wallace in Wilkinson v. Dobbie, 12 Blatchf. 298, Fed. Cas. No. 17,670.

The demurrers are overruled, with costs, with leave to the defendants to answer within 10 days upon payment of such costs.