### KRAVER v. ABRAHAMS.

(District Court, E. D. Pennsylvania. March 1, 1913.)

No. 2,178.

1. BANKRUPTCY (§ 302*)—ACTION BY TRUSTEE—PLEADING.

Under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests a trustee with the rights of a judgment creditor holding an execution duly returned unsatisfied as to property not in possession of the court, it is not necessary for a trustee, in an action to recover property alleged to have been preferentially or fraudulently transferred, to allege that the assets are not sufficient to pay creditors in full.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

2. PLEADING (§ 64*)—DUPLICITY—ACTION BY TRUSTEE IN BANKRUPTCY.

A statement of claim in an action by a trustee in bankruptcy to recover property transferred by the bankrupt is not multifarious, because it seeks to recover on the alternative grounds that the transfer was either fraudulent or preferential.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. § 64.*]

3. BANKRUPTCY (§ 293*)—ACTION BY TRUSTEE—JURISDICTION.

Under Bankr. Act July 1, 1898, c. 541, §§ 60b, 67e, 30 Stat. 562, 564 (U. S. Comp. St. 1901, pp. 3445, 3449), as amended by Act Feb. 5, 1903, c. 487, §§ 13, 16, 32 Stat. 799, 800 (U. S. Comp. St. Supp. 1911, pp. 1506, 1509), which vests courts of bankruptcy with jurisdiction of suits by trustees to recover property transferred either preferentially or fraudulently, a District Court of the United States, which is a court of bankruptcy under the act, has jurisdiction of such a suit, although it is brought as an action at law, since it is not in any case a proceeding in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

At Law. Action by one Kraver, trustee in bankruptcy, against one Abrahams. On demurrer to statement of claim. Overruled.

D. H. Solis-Cohen and A. L. Moise, both of Philadelphia, Pa., for plaintiff.

H. L. Barroway and B. D. Oliensis, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff, as trustee in bankruptcy, sues in assumpsit to recover from the defendant the sum of $3,500 upon a transaction consisting of the payment of money by the bankrupts to the defendant within one month of the filing of the petition in bankruptcy against them, which payment was averred to have

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been made when the bankrupts were insolvent, and under circumstances alleged to amount either to an unlawful preference under section 60b or to a fraudulent transfer under section 67e of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562, 564 [U. S. Comp. St. 1901, pp. 3445, 3449]).

[1] The defendant demurs, upon the ground that the statement contains no averment that the trustee, the plaintiff, has not sufficient assets on hand to pay all the bankrupts' creditors in full, relying upon the cases of Mueller v. Bruss, 8 Am. Bankr. Rep. 442, 112 Wis. 406, 88 N. W. 229, and Prescott v. Galluccio (D. C.) 21 Am. Bankr. Rep. 229, 164 Fed. 618, in which it was held that, in a suit to set aside a transfer of property by the bankrupt upon the ground that it was fraudulent as to creditors, the trustee must aver and prove that the property of the bankrupt is not sufficient to pay his creditors in full. The rule laid down in the cases cited was based upon the ground that the trustee has no rights superior to the creditors whom he represents, and that, even if the transfer is fraudulent, there is no right to avoid it unless it appears that the assets of the bankrupt estate are insufficient to pay the creditors in full. The necessity, if it existed, to aver and prove a deficiency of assets, appears, however, to have been removed by the amendment of 1910 to section 47a (2) of the Bankruptcy Act (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1500]), by which it is provided that as to all property not in the custody of the bankruptcy court the trustee shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution returned unsatisfied. In other words, under the amendment, where a transfer is alleged to have been fraudulent as to creditors, and insolvency is alleged to have existed at the time, the trustee is in the position of a creditor who has proved by an execution returned unsatisfied that a deficiency of assets exists. There is, therefore, no necessity for its averment in the statement of claim.

[2] The defendant further demurs that the statement of claim is multifarious and inconsistent, in that the plaintiff seeks to recover upon the grounds of an unlawful preference under section 60b, and a transfer for the purpose of hindering, delaying, and defrauding creditors under section 67e. As was said by Judge Holt in Wright v. Skinner (D. C.) 14 Am. Bankr. Rep. 500, 136 Fed. 694:

"It is not necessarily impossible that the payment may have been at the same time a preference, and a payment made with intent to hinder, delay, and defraud creditors; and, if it is either, it seems to me that the bill may be drawn so as to meet the alternative. There is alleged in these bills one transaction, consisting of a payment of money. The plaintiff alleges that it amounted to either a preference or a fraudulent payment, and that in either case he is entitled to its return. I cannot see in such an allegation any such inherent inconsistency as there is in those cases in which it has been held to be not permissible to unite two absolutely inconsistent causes for equitable relief."

See, also, to the same effect, Bryan v. Madden, 11 Am. Bankr. Rep. 763, 38 Misc. Rep. 638, 78 N. Y. Supp. 220.

[3] The remaining ground of demurrer is to the jurisdiction of the court. The contention of counsel is that the suit was brought in the United States District Court sitting as such, and not as a bankruptcy

court, and in support thereof section 23b of the Bankruptcy Act, as amended by Act Feb. 5, 1903, c. 487, § 8, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1499), is cited, which reads as follows:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section 60b, section 67e, and section 70e."

After the decision of the Supreme Court in Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, the three sections covered by the exception in section 23b were amended in 1903, by adding:

"And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 1 of the act provides that courts of bankruptcy shall include the District Courts of the United States, and section 2 provides that the courts of bankruptcy as hereinbefore defined, among others, the District Courts of the United States, are thereby made courts of bankruptcy, and are invested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings to (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act.

A proceeding instituted by a bankrupt's trustee to set aside fraudulent conveyances or illegal preferences is not a proceeding in bankruptcy, but is ancillary to such a proceeding, and authorized by the Bankruptcy Act to be instituted in either the federal District Court or in a state court of competent jurisdiction. It must be governed, so far as pleading and practice are concerned, by the laws and rules of the court wherein it is instituted. Westall et al v. Avery, 171 Fed. 626, 96 C. C. A. 428; Pond v. New York National Exch. Bank (D. C.) 124 Fed. 992.

In the latter case Judge Holt said:

"Such a suit is not a bankruptcy case, within the meaning of the provision in the amended act."

In Westall v. Avery it was held that the procedure in a bill in equity brought by a trustee in a federal court is governed by the equity practice and principles of the federal courts.

In the present case, the trustee, having a remedy at law, chose to proceed by an action at law, rather than in equity, and in actions at law the practice in the federal courts is governed by section 914, Rev. St. (U. S. Comp. St. 1901, p. 684), which provides for a conformity in practice and pleadings in civil suits at law with the practice and pleadings in the courts of record in the state within which the District Court is situated. The action in this case was brought in the District Court, which is invested with jurisdiction as a court of bankruptcy, and all of the jurisdictional facts necessary to sustain the action in this court are set out; but, being an action at law, the process and pleadings and procedure properly conformed to those applying to other actions at law.

The demurrer is overruled.