### In re DAVIDSON.

### MOORE v. BREIT.

(District Court, N. D. California, First Division. February 19, 1914.)

#### No. 15,439.

JUDGMENT (§ 646*)—PREFERENCES OF BANKRUPT—ADJUDICATION OF REFEREE—CONCLUSIVENESS.

Where, in a bankruptcy proceeding, the trustee filed objections to a claim on the ground that the claimant had received a preference which came on for hearing before the referee before whom the claimant introduced evidence, and the referee made an order, judgment, and decree adjudging that a payment to such claimant constituted a voidable preference, and disallowing his claim until the surrender by him of the amount of the preference, no review of which was taken, such adjudication was conclusive as to the fact of preference, in an action by the trustee to recover back the preferential payment, since, while the referee could not have assumed jurisdiction in the first instance over the question of preference, the claimant, having litigated that question and acquiesced in the referee's findings and judgment, was concluded thereby.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1159; Dec. Dig. § 646.*]

In Bankruptcy. Action by William H. Moore, Jr., as trustee in bankruptcy of Philip T. Davidson, against H. Breit. Judgment for plaintiff on the pleadings.

Clarence A. Shuey, of San Francisco, Cal., for complainant.

Samuel M. Samter, of San Francisco, Cal., for defendant.

DOOLING, District Judge. Plaintiff, as trustee in bankruptcy of the estate of Philip T. Davidson, sues the defendant to recover the sum of $250, alleged to have been paid to defendant by the bankrupt at such times and in such manner as to constitute a voidable preference. The complaint avers the facts necessary to show a voidable preference, and then alleges that the defendant had filed his proof of debt with the referee in bankruptcy for the sum remaining due him after deducting the $250 received; that the trustee had filed objections thereto on the ground that defendant had received a preference; that the said claim and objections came on regularly for hearing before the referee; that evidence was introduced to sustain the issues thereby

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made; and that thereafter the referee rendered and filed his findings, judgment, and decree, the same being set out in full in the complaint. It appears therefrom that the defendant, in support of his claim before the referee, had introduced evidence in the form of a deposition, and that the referee, being fully advised, did find and adjudge that the payment to defendant of said $250 constituted a voidable preference, and that the claim of defendant should stand as proven as an unsecured claim to be disallowed until the surrender, by defendant to the trustee, of said sum of $250, constituting the amount of the voidable preference obtained by said claimant over the other creditors.

The complaint also avers that no review was taken from said order, judgment, and decree of the referee, and that the same is now in full force and effect.

The answer, while denying the fact of preference, does not deny that the proceedings were had before the referee, as alleged, with the result as above briefly stated. Plaintiff now moves for judgment on the pleadings upon the ground that the findings and judgment in the proceedings before the referee constitute an adjudication of the facts that the money was paid to defendant by the bankrupt, and that such payment was a voidable preference, and that these questions cannot again be litigated in the present action. I am of the opinion that such is the effect of the referee's adjudication. The defendant, by presenting his claim in the bankruptcy proceeding and pressing it after objection made to it by the trustee that he had received a preference, by offering evidence upon that issue, and by acquiescing in the referee's findings and judgment, is foreclosed from again litigating the questions therein decided. While the referee could not have assumed jurisdiction over these questions in the first instance, yet, when defendant submitted his claim to the bankruptcy court, he also included in such submission the question as to whether or not he had received a preference, provided such question were thereafter raised and litigated before the court or the referee in passing upon his claim. Having been heard once by a tribunal having jurisdiction to determine the matter, he cannot be heard again.

The motion for judgment on the pleadings will therefore be granted. The cost of reference and the fees of the referee will be included in the costs.