## McCULLOCH v. DAVENPORT SAVINGS BANK.

(District Court, S. D. Iowa, Davenport Division.   July 20, 1915.)

1. BANKRUPTCY ⬥226—"REFEREE IN BANKRUPTCY"—FINDINGS—CONCLUSIVENESS.

The referee in bankruptcy is a judicial officer, and his findings on all matters within his jurisdiction have the same effect as if rendered by any court of general jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⬥226.

For other definitions, see Words and Phrases, First Series, Referee in Bankruptcy.]

2. BANKRUPTCY ⬥311—REFEREE—JURISDICTION—ORDER.

A referee in bankruptcy, having specific power to determine all questions arising on claims filed and objections thereto, has power, after acquiring jurisdiction, to order that objections to a claim be sustained, and the claim disallowed, unless the claimant surrender, pursuant to the Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 (Comp. St. 1913, § 9641), a preference received.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. ⬥341.]

3. BANKRUPTCY ⬥287—VOIDABLE PREFERENCE—ACTION TO RECOVER PROPERTY.

An action by a trustee in bankruptcy to recover property received by defendant as a voidable preference under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (Comp. St. 1913, § 9644), is not a part of the bankruptcy proceedings, but is a controversy between the trustee and a third party.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 444–447; Dec. Dig. ⬥287.]

4. BANKRUPTCY ⬥341—FINDINGS OF REFEREE—RES JUDICATA.

A finding of the referee in bankruptcy that a company, voluntarily entering its appearance and filing a claim, had received a voidable preference, was conclusive in a subsequent action brought by the trustee in bankruptcy against the claimant to recover the property received as such preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. ⬥341.]

5. BANKRUPTCY ⬥341—RES JUDICATA—FINDINGS OF REFEREE.

Only such findings of a referee in bankruptcy on an adjudication as to whether a claimant has received a voidable preference are conclusive in a subsequent action by the trustee in bankruptcy to recover property as a voidable preference, as were necessary to the referee's adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. ⬥341.]

6. BANKRUPTCY ⬥303—ORDER OF REFEREE—COLLATERAL PROCEEDING—PRESUMPTION.

In an action brought by a trustee in bankruptcy to recover property which the referee in bankruptcy, in passing on a claim filed by defendant,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

has determined to constitute a voidable preference, it will be presumed, regardless of whether the referee made any findings of facts, that facts were presented sufficient to justify his order disallowing the claim, unless the claimant surrender the preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ☞303.]

7. BANKRUPTCY ☞226—ORDER OF REFEREE—NOTICE.

That such order of the referee failed to recite notice as provided in General Order XXIII (89 Fed. xi, 32 C. C. A. xxvi), providing that in all orders made by a referee it shall be recited, according as the fact may be, that notice was given, etc., did not render the referee's adjudication void, especially not as to a claimant not entitled to notice in order to confer jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞226.]

8. BANKRUPTCY ☞284—VOIDABLE PREFERENCE—RECOVERY OF PROPERTY— DEMAND.

Demand and refusal are not conditions precedent to the right of a trustee in bankruptcy to recover property received as a voidable preference under Bankr. Act, § 60b.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞284.]

In Equity. Suit by Edward McCulloch, trustee in bankruptcy of the Midland Motor Company, against the Davenport Savings Bank. Decree for plaintiff.

Chas. R. Brown, of Chicago, Ill., Ira J. Covey, of Peoria, Ill., and W. M. Chamberlin, of Davenport, Iowa, for complainant.

Isaac Petersberger and Wilson, Grilk & Wilson, all of Davenport, Iowa, for respondent.

WADE, District Judge. In this action by the trustee in bankruptcy to recover property claimed to have been received by respondent as a voidable preference under section 60b of the Bankruptcy Act, there is no evidence before the court except the record of the proceedings before the referee upon the claim filed by the respondent.

It is pleaded and proven that respondent, the Davenport Savings Bank, did on July 16, 1913, file a claim with the referee in bankruptcy in this estate, claiming the sum of $9,707.66. To this claim the complainant herein, as trustee, filed objections, alleging that the Davenport Savings Bank had, previous to the adjudication of bankruptcy, received a preference, amounting to the sum of $10,621.00; said preference consisting of the five automobiles, recovery of which is sought in this action.

Issue being thus joined upon the claim of the Davenport Savings Bank, it was set down for hearing before the referee. The Davenport Savings Bank was not present or represented at the hearing, but evidence was introduced, and the referee made specific findings to the effect that the five automobiles were received by the Davenport Savings Bank at a time when the Midland Motor Company, bankrupt, was insolvent, and that the Davenport Savings Bank had reasonable cause to believe that said company was insolvent, and to believe that the effect of the transfer would be to effect a preference

of the said Davenport Savings Bank over the other creditors of said company, and that said transfer was made within four months prior to the date of the bankruptcy proceedings, and the referee adjudged:

"That the said objections of the said trustee to the said claim of the Davenport Savings Bank be and they are hereby sustained, and said claim disallowed, unless said claimant shall surrender to said trustee said preference in accordance with section 57g of the Bankruptcy Act."

[1] The principal question to be determined is whether or not said proceedings upon the claim of the Davenport Savings Bank before the referee constitute such an adjudication of the facts involved in this case as to render further proof of the facts unnecessary. The referee in bankruptcy is a judicial officer, performing certain functions as part of the bankruptcy court, and there can be no question but that his findings upon all matters within his jurisdiction have the same force and effect as if rendered by any court of general jurisdiction.

[2] Such referee has the specific power to hear and determine all questions arising upon claims filed, and objections thereto, and the referee in this case, without doubt, had the power to make the order aforesaid. The referee had no power to bring the Davenport Savings Bank before him to determine the validity of its claim; but the Davenport Savings Bank voluntarily conferred jurisdiction by its appearance, seeking relief which the referee had the power to grant or refuse, according to the facts.

[3] The referee had no power to hear and determine the question involved in this case.

"Such a suit is not a part of the 'proceedings in bankruptcy,' but is a controversy either at law or in equity between the trustee and a third party." In re Walsh Bros. (D. C.) 163 Fed. 352.

So, that, if the Davenport Savings Bank had not appeared before the referee and sought relief at his hands, any order which he might make as to the validity of the transfer would be without jurisdiction and void.

[4] But the Davenport Savings Bank did appear before the referee in a matter of which the referee had jurisdiction. The finding by the referee was a valid, specific adjudication of every fact involved in this case so far as the merits are concerned.

[5, 6] I do not refer in this statement to the extended finding of facts by the referee. I do not consider that such finding adds anything to the adjudication. He had no authority to find any facts, except those necessary for him to perform his duty, and whether he made any finding of facts or not, the court would have to assume in this collateral proceeding that there were facts presented to him sufficient to justify his final order, in which he held that the objections "are hereby sustained, and the said claim disallowed, unless said claimant shall surrender to said trustee said preference." This finding of the referee was a judgment, with all the force and effect of a judgment of a court of general jurisdiction.

And now the sole question is whether or not, the referee having properly found in the consideration of the question of which he had

jurisdiction, that the five automobiles were received by the Davenport Savings Bank in violation of law, the bank can now retry that issue in this proceeding. It must be borne in mind that, to render the judgment, the referee was compelled by law to hear evidence upon the specific question in this case, and to determine the specific question in this case, and while he did not have jurisdiction to render the judgment which must be rendered in this case, yet he was compelled to decide the question of fact between the parties upon which the judgment in this case must rest.

After a full and careful consideration of the authorities, I am compelled to hold that such finding by the referee is an adjudication of the questions of fact involved in this case, in so far as it was necessary for him to consider those facts and decide the questions of fact in the performance of his duty. In Union Central Life Co. v. Drake, 214 Fed. 536, 131 C. C. A. 82, Justice Sanborn in a very instructive opinion says:

"The rules of estoppel by which this contention must be tested are: When the second suit is upon the same cause of action and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question which was or might have been presented and determined in the former. When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the former action operates as an estoppel in the latter as to every point and question which was actually litigated and determined in the first action, but it is not conclusive relative to other matters which might have been, but were not, litigated or decided. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Grider v. Groff, 202 Fed. 685, 689, 121 C. C. A. 95, 99; Linton v. Insurance Co., 104 Fed. 584, 587, 44 C. C. A. 54, 57; Commissioners v. Platt, 79 Fed. 567, 571, 25 C. C. A. 87, 91; Board v. Sutliff, 38 C. C. A. 167, 171, 97 Fed. 270, 274; Southern Pac. Co. v. United States, 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355; Southern Minn. Ry. Extension Co. v. St. Paul, S. C. R. Co., 55 Fed. 690, 5 C. C. A. 249."

In Southern Pac. R. R. Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, it is said:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

In Hickman v. Town of Fletcher, 195 Fed. 907, 115 C. C. A. 595 (8th Cir.), the court says:

"The general principle deducible from these and other cases is that a question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies. And, even if the second suit is upon a different cause of action, the right, question, or fact so determined must, as between the parties or their privies, be taken as conclusively established so long as the judgment remains unmodified. This rule, said Mr. Justice Harlan, in Southern Pacific R. R. Co. v. United States, above, 168 U. S. at page 149, 18 Sup. Ct. at page 27, 42 L. Ed. 355, 'is demanded for the very object for which civil courts have been established, which is to se-

cure the peace and repose of society by the settlement of matters capable of judicial determination.' The contention of the defendant cannot be sustained."

"Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court, in which a judgment or decree is rendered upon the merits, cannot again be litigated between the parties and privies, whether the claim or demand, purpose, or subject-matter of the two suits be the same or not. The doctrine of res judicata applies, and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and every part of it must stand irrevocably closed by such determination." 24 Am. & E. Ency. of Law, pages 710–712.

"This estoppel extends, not only to every material fact within the issues which are expressly litigated and determined, but also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided. Hence it is not necessary to the conclusiveness of a former judgment that issues should have been taken upon the precise point controverted in the second action. Any conclusion which the court or jury must evidently have arrived at in order to reach the judgment or verdict rendered will be fully concluded." 24 American & English Ency. of Law, page 766.

Directly in point is the case of Moore v. Breit (D. C.) 211 Fed. 687, in which Dooling, District Judge, says:

"The answer, while denying the fact of preference, does not deny that the proceedings were had before the referee, as alleged, with the result as above briefly stated. Plaintiff now moves for judgment on the pleadings upon the ground that the findings and judgment in the proceedings before the referee constitute an adjudication of the facts that the money was paid to defendant by the bankrupt, and that such payment was a voidable preference, and that these questions cannot again be litigated in the present action. I am of the opinion that such is the effect of the referee's adjudication. The defendant, by presenting his claim in the bankruptcy proceeding and pressing it after objection made to it by the trustee that he had received a preference, by offering evidence upon that issue, and by acquiescing in the referee's findings and judgment, is foreclosed from again litigating the questions therein decided. While the referee could not have assumed jurisdiction over these questions in the first instance, yet, when defendant submitted his claim to the bankruptcy court, he also included in such submission the question as to whether or not he had received a preference, provided such question were thereafter raised and litigated before the court or the referee in passing upon his claim. Having been heard once by a tribunal having jurisdiction to determine the matter, he cannot be heard again."

This case was presented to the Circuit Court of Appeals, and affirmed in 220 Fed. 97, 135 C. C. A. 573, in which the court says:

"No review of the foregoing findings, conclusions, or judgment was sought. Becoming final, and Breit refusing to return the money so received by him as a preference, the trustee brought this suit thereon in the court below to recover the amount. The answer of Breit containing no denial of the judgment or of any of the proceedings on which it was based, the court below rightly gave the complainant judgment on the pleadings. Breit was no stranger to the proceedings before the referee. On the contrary, he presented his claim, contested the preference alleged to have been received by him, introducing proof in behalf of his contention, and then abided by the findings and decision against him. He thus had a trial before a competent officer of his own selection of the issue he now claims the right to have tried by a jury. The conclusive answer is that he is concluded by the adverse decision of the referee in which he acquiesced. In such circumstances, that the court below had jurisdiction of the suit of the trustee to recover the property of the bankrupt unlawfully turned over to Breit is sufficiently shown by the decisions of the Supreme Court in the cases of Bardes v. Hawarden Bank, 178 U.

S. 524, 4 Am. Bankr. Rep. 163, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and Hicks v. Knost, 178 U. S. 541, 4 Am. Bankr. Rep. 178, 20 Sup. Ct. 1006, 44 L. Ed. 1183."

Counsel for defendant draw a distinction between this case and the case at bar, because in the opinion it appears that he "acquiesced" in the judgment. This term has no significance, except to state that there was no appeal taken from the judgment of the referee.

Distinction is also drawn because, upon the hearing of this case, the claimant offered evidence. This can make no difference. If the court has jurisdiction of the parties and the subject-matter, and there is in fact a hearing, it is immaterial, with reference to the question of the adjudication, whether the parties introduced evidence or not.

The principle involved in this case was also considered in Clendening v. Red River Bank, 12 N. D. 51, 94 N. W. 901, in which the court says:

"The question which the plaintiff seeks to have us determine has been judicially determined by a tribunal having jurisdiction, and is therefore binding upon us. Smith v. Walker, 77 Ga. 289, 3 S. E. 256. Whether the referee intended to decide these questions is not material. As we have seen, they were necessarily involved, and were in fact determined by his adjudication. Whether his decision was right or wrong we need not discuss. It is sufficient for the purpose of this case to say that the question has been adjudicated by the order of allowance made by the referee, and that the same has not been reconsidered by him or reversed by the judge upon a petition for review. If the trustee was dissatisfied with the adjudication made by the referee, he had a speedy remedy in the bankruptcy court upon a petition for review, and also by appeal from the order of the bankruptcy court if adverse to him. * * * 'Every person submitting himself to the jurisdiction of the bankrupt court·in the progress of the case, for the purpose of having his rights in the estate determined, makes himself a party to the suit, and is bound by what is judicially determined in the legitimate course of the proceeding. A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences. His remedies for the purpose of this proof are prescribed by the law.' "

In Collier on Bankruptcy (10th Ed.) page 590, it is said with regard to the jurisdiction of referees in bankruptcy:

"A referee is a judicial officer, and all his acts are presumed to be legal within the scope of his authority. The findings of referees acting within their jurisdiction are entitled to the respect and credit given to officers acting judicially and such findings are conclusive upon state courts" (citing Clendening Case, among others).

Again on page 695 the author says:

"The determination of a referee as to the allowance or disallowance of a claim presented at such a meeting is a judicial act, which cannot be reviewed, revised, or reversed by a state court."

In the case of Hargadine-McKittrick Dry Goods Co. v. Hudson, decided by the Circuit Court of Appeals, Eighth Circuit, March 23, 1913, reported in 122 Fed. 232, 58 C. C. A. 596, Hudson filed a petition in bankruptcy in Colorado, and the Hargadine Company filed its claim against his estate there. The bankruptcy court disallowed the claim, and afterwards the Hargadine Company brought suit against Hudson on the same cause of action in the United States

Circuit Court in Missouri.   Judge Caldwell in rendering the opinion of the court said:

"The plaintiff having voluntarily gone into the bankrupt court, and submitted itself to the jurisdiction of that court, and filed its claim against the bankrupt's estate founded on the judgment here in suit, and that court having disallowed the claim and entered judgment accordingly, and that judgment remaining in full force and virtue, constitutes a complete bar to this action. It is not material on what ground that court rested its judgment. It unquestionably had jurisdiction of the parties and the subject-matter, and, if either party conceived its judgment was for any reason erroneous, the remedy was by appeal, and not by a suit on the same cause of action in another jurisdiction against the bankrupt."

It must be borne in mind in this case that the Davenport Savings Bank was the plaintiff in the action before the referee.  As Judge Dooling said in Moore v. Breit, supra:

"While the referee could not have assumed jurisdiction over these questions in the first instance, yet, when defendant submitted his claim to the bankruptcy court, he also included in such submission the question as to whether or not he had received a preference, provided such question were thereafter raised and litigated before the court or the referee in passing upon his claim."

[7] The Davenport Savings Bank being the plaintiff, and having invoked the jurisdiction of the referee, there is no question of notice involved.  Counsel insist that the order of the referee is not valid, because of its failure to recite notice as provided in General Order XXIII (89 Fed. xi, 32 C. C. A. xxvi).  I do not think failure to comply with this order renders the adjudication void; certainly not as to a claimant who is not entitled to notice in order to confer jurisdiction.  But counsel say:

"There was no notice to the adverse claimant that its right to the five automobiles would be adjudicated."

As held in Moore v. Breit, supra, claimant knew, when it presented its claim, that the question might be raised, and had knowledge of the fact that it was raised by the objections of the trustee.

[8] There is some claim that the bank desired to have the claim withdrawn, but it was not withdrawn.  A hearing was had, and a judgment rendered, and no appeal therefrom was taken.  Counsel for defendant insist that complainant cannot recover, because there is no allegation or proof of a demand and refusal.  Under the great weight of authority, no demand is necessary.

"No allegation of demand is necessary, and no demand may need be proved; the beginning of the action is sufficient demand, even if the action be in trover. Demand is unnecessary where it would be useless" (citing Eau Claire National Bank v. Jackman, 17 Am. Bankr. Rep. 675, 204 U. S. 522, 27 Sup. Ct. 391, 51 L. Ed. 596; Wright v. Skinner [D. C.] 14 Am. Bankr. Rep. 500, 136 Fed. 694; Utah Association v. Boyle Furniture Co., 31 Am. Bankr. Rep. 488, 39 Utah, 518, 117 Pac. 800).

In the case of Eau Claire National Bank v. Jackman, 204 U. S. 522, 27 Sup. Ct. 391, 51 L. Ed. 596, the court says:

"A demand is not necessary where it is to be presumed that it would have been unavailing.  Davenport v. Ladd, 38 Minn. 545, 38 N. W. 622; Bogle v. Gordon, 39 Kan. 31, 17 Pac. 857."

In the case of Wright v. Skinner Mfg. Co. (D. C.) 136 Fed. 694, Judge Holt, of the United States District Court for the Southern District of New York, says:

"The general rule established by the authorities is that in suits in equity of this kind a previous demand is not necessary."

In the case of Goldberg v. Harlan, 33 Ind. App. 465, 67 N. E. 707, a suit was brought to recover a preference, and the court said:

"No demand for a restoration of the goods or their value was necessary before the commencement of the action. The whole transaction, under the Bankruptcy Act, was unlawful, and in such cases demand is unnecessary. Bull v. Houghton, 65 Cal. 422, 4 Pac. 529; Barbour v. Priest, 103 U. S. 293, 26 L. Ed. 478; Toof v. Martin, 13 Wall. 40, 20 L. Ed. 481."

A motion was filed by complainant for judgment upon the pleadings, but this was withdrawn upon the hearing by written motion, which was granted. So, under the foregoing, I am required to hold that, in so far as the referee was required to pass upon the facts in order to decide the matter before him, his finding upon such facts is conclusive. It was necessary for the referee to pass upon every question presented upon this trial, except the question of value. I do not believe that it was necessary for him to make a specific finding as to the value of the automobiles.

The petition herein prays for an order requiring the defendant—

"to turn over and deliver to your orator the said five automobiles, or if the said defendant has disposed of the same, that the said defendant may be required to pay to your orator, the value of the same."

It does not appear that the defendant has disposed of the automobiles, so that the order will be that the same be turned over to the trustee. If this order cannot be complied with, because the same have been disposed of, and if a showing of such inability is made, the court will then determine the value upon evidence presented by both sides.

The court submits to the parties the question as to whether or not the defendant in the decree herein is not entitled to an order allowing its claim as a general creditor under the rule announced in Union Central Life Co. v. Drake, 214 Fed. 536–550, 131 C. C. A. 82, and cases there cited.

Counsel for plaintiff will prepare a decree herein, submitting the same to counsel for defendant, and counsel will have five days in which to file objections thereto. Said decree will preserve exceptions to the ruling of the court.