JOHNSON, P. J.
The question in this case is whether in an action in the municipal court by a trustee in bankruptcy, to recover the value of certain personal property alleged as part of the bankrupt’s estate to have been converted by the defendant, the finding of the value of the property at a hearing before the referee in bankruptcy became res judicata and conclusive in the proceeding in the municipal court.
The defendant, who had originally been the owner of the Lafayette Grill, sold the restaurant and its equipment to James X. Psaltes in March, 1932, taking as security for payment of the purchase money a chattel mortgage of the personal property. Psaltes having made default in payment, the defendant foreclosed the chattel mortgage and bought the mortgaged property at the sale. He then, on' April 3, 1933, took possession of the premises and of all the personal property therein, including allegedly certain groceries and other articles not described in the mortgage. After so taking possession defendant surrendered possession of the premises to the landlord, and transferred to him all the personal property therein -in consideration of the release of defendant from the obligations of the lease of the premises.
Thereafter on May 3, 1933, Psaltes filed a voluntary petition in bankruptcy, and after proceedings duly had he was adjudged a bankrupt; and at the first meeting of creditors plaintiff was elected trustee and in due time qualified as such.
On or about July 12th the trustee filed with the referee a petition for an order requiring this defendant to propound his claim to certain personal property, of stated values, as set forth in the petition, alleged to be assets of the bankrupt’s estate of which the defendant had taken possession, *Supp. 771 and which upon demand of the trustee defendant had failed to surrender.
By a verified claim dated August 24th defendant made claim to ownership of all the property mentioned in the trustee’s petition except an exhaust fan, a radio and a lot of groceries. The trustee by filing objections joined issue as to ownership in defendant; and in due course the matter came on for hearing by the referee, both parties being pr.esent with their respective attorneys. After considering the evidence presented and briefs filed by the attorneys,- the referee in an opinion filed May 9, 1934, recited the facts as shown by the evidence, and reached the conclusion that under the law the trustee was entitled to an order sustaining his objections to the allowance of defendant’s claim, and that title to the disputed articles was vested in the trustee. Accordingly, by an order dated May 24, 1934, the defendant’s claim was disallowed, and it was adjudged that the trustee was vested with title to the property in dispute, the value of which was set opposite each article, and also to the articles of which defendant made disclaimer, valued at $535. The total value fixed by the referee was $1746.48.
No application for a review of the referee’s order was made by defendant, and for the purpose of enforcing the order, the trustee instituted his action in the municipal court on June 21, 1934, praying for judgment for $1746.48 with interest.
From an examination of the transcript of the proceedings in the lower court, the controversy between the parties does not appear to have been over the valuations of the referee, except in regard to the lot of groceries. The referee, acting upon the testimony of the bankrupt and certain of his employees, fixed the value of the groceries at $200, while defendant, in contradiction of all the witnesses, insisted that there had been no groceries on hand when he took possession. Defendant’s real opposition to the trustee’s claim in the lower court centered upon defendant’s conten-’ tion that there had been no conversion. This contention was based on an assertion that though defendant had transferred all the property to the landlord in consideration of defendant’s release from the obligations of the lease, it devolved upon the trustee to pursue the landlord, and not *Supp. 772 defendant, for recovery of the property or its value. There can be no question, however, that when in substance defendant sold the property to the landlord for a valuable consideration received by defendant, he was exercising dominion over the property, and was guilty of conversion.
That question was adjudicated by the referee in favor of the trustee after a full hearing in which the defendant participated; and we entertain no doubt that defendant became bound on that issue by the referee’s order. (See In re Faerstein, 58 Fed. (2d) 942, and cases there cited.)
No written findings were made in the municipal court, but instead of accepting the referee’s valuations as an adjudicated fact, the court, though holding the trustee entitled to a recovery, gave judgment for only $300 and costs. There is nothing in the record to explain this figure, as no evidence was introduced other than the values set forth in the referee’s opinion and order.
The trustee having appealed from the judgment rendered, the question now before us is as to the binding effect of the referee’s order. In other words, does the rule of res judicata apply to the referee’s determination both as to conversion and as to the value of the property affected by his order ?
Section 1 of the Bankruptcy Act in subdivision (7) states: “ ‘court’ shall mean the court of bankruptcy in which the proceedings are pending, and may include the referee”. In MacDonald v. Plymouth County Trust Co., 286 U. S. 263 [52 Sup. Ct. 505, 76 L. Ed. 1093], the court had occasion to consider the status of the referee in connection with section 23 (b) as originally enacted and incorporated in 11 U. S. C. A., section 46 (b). That section provides that suits by trustees shall be brought or prosecuted only in courts where, except for the bankruptcy, the bankrupt might have brought or prosecuted them, unless by consent of the proposed defendant. In the case above cited, there was a hearing by consent before the referee upon the trustee’s petition to set aside certain transfers as voidable preferences. Drawing a distinction between the power of the referee to decide the issues in such a suit brought before him without objection, and the power to compel the litigation of them before him over objection of the proposed defendant, the court, said that although it had never before definitely decided that question, *Supp. 773 it could perceive no reason why the privilege of procedure in a plenary suit could not he waived by consent. And declaring the referee to be vested with the powers of a court of bankruptcy to decide the issues in such a suit presented to him without objection, the court said (p. 268) :
“While under the provisions of the Bankruptcy Act the exercise of his jurisdiction by the referee is ordinarily restricted to those matters which may be dealt with summarily by the method of procedure available to referees in bankruptcy, the restriction may be removed, as it was here, by consent of the parties to a summary trial of the issues presented. The referee therefore had power to decide the issues, and the court of appeals below should have considered the appeal on the merits." (See, also, McCulloch v. Davenport Sav. Bank, 226 Fed. 309, 311.)
In Breit v. Moore, 220 Fed. 97 (9th Cir.), affirming the decision of Judge Booling in Moore v. Breit, 211 Fed. 687, where the trustee, Moore, to enforce a ruling of the referee in his favor, brought suit in the district court, and had judgment on the pleadings, in an action against Breit to recover the sum of $250 as the amount of a voidable preference, the court of appeals, speaking through Judge Ross, said (220 Fed. 99) :
“No review of the foregoing findings, conclusions or judgment was sought. Becoming final, and Breit refusing to return the money so received by him as a preference, the trustee brought this suit thereon in the court below to recover the account. The answer of Breit containing no denial of the judgment or of any of the proceedings on which it was based, the court below rightly gave the complainant judgment on the pleadings. Breit was no stranger to the proceedings before the referee. On the contrary, he presented his claim, contested the preference alleged to have been received by him—introducing proof in behalf of his contention—and then abided by the findings and decision against him. He thus had a trial before a competent officer of his own selection of the issue he now claims the right to have tried by a jury. The conclusive answer is that he is concluded by the adverse decision of the referee in which he acquiesced.”
So in this ease no review of the referee’s order was sought by the defendant; and he abided by the referee’s decision. *Supp. 774 Having once been heard in the court of the referee, who by defendant’s consent had jurisdiction to determine the controversy, defendant was concluded by the adverse decision of the referee, and had no right to litigate the same issues anew in the municipal court. Without protesting against the jurisdiction of the referee, defendant, expressly submitted his claim to that court, and when after a full hearing the ruling was made against him, he acquiesced until the trustee sought, as in the Moore case, to enforce the judgment of the referee in an appropriate action.
For further discussion of the subject reference may be made to Henderson v. Denious, 186 Fed. 100, 105; Hargadine etc. Co. v. Hudson, 122 Fed. 232; McCulloch v. Davenport Sav. Bank, 226 Fed. 309, 312-315, containing quotations from several earlier cases; and Bachman v. McCluer, 63 Fed. (2d) 580, 583, citing numerous cases.
In view of the finality of the referee’s order, as established by the well-settled rule governing such matters, it must be held that plaintiff was entitled in his action in the municipal court to a judgment for the aggregate value of the property in question as fixed by the referee, namely, $1746.48, with interest, as provided in section 3336 of the Civil Code, from March 23, 1933, the date of conversion.
The judgment i's therefore reversed, and the cause remanded to the municipal court with directions to enter judgment in favor of plaintiff and against defendant in conformity with the views above expressed.
Goodell, J., and Conlan, J., concurred.