### In re CRAIG LUMBER CO.

### COBB v. MacDONALD–WIEST LOGGING CO.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3468.

Bankruptcy ⊜⇒440—Remedy by appeal, where given, is exclusive of petition to revise.

An order of a District Court in bankruptcy, reversing an order of a referee disallowing a claim, is reviewable by appeal under Bankruptcy Act, § 25a (Comp. St. § 9609), and the remedy of the trustee by appeal is exclusive of a petition to revise.

Petition for Revision in Matter of Law, of an order of the District Court of the United States for Division No. 1 of the Territory of Alaska.

In the matter of the Craig Lumber Company, bankrupt. Petition by E. L. Cobb, trustee, to revise order of District Court permitting proof of claim of the MacDonald-Wiest Logging Company. Petition dismissed.

J. H. Cobb, of Juneau, Alaska, for petitioner.

John Rustgard, of Juneau, Alaska, Thomas R. White, of San Francisco, Cal., and Arthur I. Moulton, of Portland, Or., for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This matter is brought to this court upon a petition for a revision and review of an order of the District Court for Alaska, reversing a decision of the referee in bankruptcy, and remanding the matter for further proceedings.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Craig Lumber Company was adjudged a bankrupt. The Mac-Donald-Wiest Logging Company, a Washington corporation, filed a claim for $27,871.50 and interest against the estate of the bankrupt. The trustee objected, and contended that the claim was not provable in bankruptcy, for the reason that the claim was for sums alleged to be due under a contract between the claimant and the bankrupt made and to be performed in Alaska, and that at the time of the making of the contract, and thereafter, the claimant had not complied with the laws of Alaska governing foreign corporations doing business in Alaska, and that the contract made the basis of the claim was void. The referee held that the claim was not provable in bankruptcy, and disallowed the claim; but the District Court, upon a petition for review, reversed the decision of the referee and remanded the matter. The respondent moved this court for the dismissal of the petition for revision for lack of jurisdiction, and makes the point that the sole and exclusive remedy of the petitioner was by appeal under the provisions of section 25 of the Bankruptcy Act, and that, inasmuch as more than 10 days elapsed after the making of the order of reversal by the District Court, jurisdiction was lost.

Petition for revision was brought under the provisions of section 24b of the Bankruptcy Act (Comp. St. § 9608), under which the Circuit Court of Appeals is given appellate jurisdiction to revise in matter of law the proceedings of a court of bankruptcy. Under section 25a (section 9609) appeal, as in equity, may be taken to the Circuit Court of Appeals "from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." Such appeal must be taken within 10 days after the judgment appealed from has been rendered. Section 25a, Bankruptcy Act.

In the Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725, the Supreme Court held that under section 24b the Circuit Court of Appeals has authority to superintend and revise any matters of law in proceedings of the inferior courts of bankruptcy, but that subdivision "b" was not intended to give an additional remedy to those whose rights could be protected by an appeal under section 25 of the act, and that the proceeding under section 24b, permitting review of questions of law arising in bankruptcy, was not intended as a substitute for the right of appeal under section 25. The court said:

"Under section 24b, a question of law only is taken to the Circuit Court of Appeals; under the appeal section, controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under section 25 a review by petition under section 24b. The object of section 24b is rather to give a review as to matters of law, where facts are not in controversy, of orders of courts of bankruptcy in the ordinary administration of the bankrupt's estate."

Inasmuch as under section 25a appeal as in equity is specially allowed from a judgment allowing or rejecting a claim of $500 or over, it must be held that an appeal in the present matter was exclusively the remedy available to the trustee. Pindel v. Holgate, 221 Fed. 342, 137 C. C. A. 158, Ann. Cas. 1916C, 983; Wuerkel v. Commercial Ger-

mania, etc., Bank, 238 Fed. 342, 151 C. C. A. 285; Brandenberg on Bankruptcy, § 1651.

The petition is dismissed, at petitioner's costs.