### CHAPPELL v. BRAINARD.

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925.)

No. 4590.

Bankruptcy ⬤⟶440—Order for taking testimony relative to claim not reviewable by petition to revise.

As claimant has remedy by appeal under Bankruptcy Act, § 25 (Comp. St. § 9609), from any final order rejecting her claim, she cannot have review, by petition to revise, under section 24b (Comp. St. § 9608), of order to take testimony and make findings as to existence of defense.

Petition for Revision in Matter of Law of an Order of the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

In the matter of the Home Furniture Company, Inc., bankrupt; G. W. Brainard trustee. Petition by May E. Chappell, claimant, to revise order of District Court (7 F.[2d] 399) directing referee to take testimony and make findings. Petition dismissed.

Preston & Duncan, of San Francisco, Cal., and Harry A. Gee, of Vallejo, Cal. (Clarence A. Linn, of San Francisco, Cal., of counsel), for petitioner.

Joseph Kirk, Walter D. Mansfield, and Ernest J. Torregano, all of San Francisco, Cal. (Frank M. Hultman, of San Francisco, Cal., of counsel), for respondent.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. May E. Chappell presented a claim in the sum of $5,500 against the estate of the Home Furniture Company, Inc., bankrupt, based on two promissory notes for $2,500 and $3,000, respectively, executed by the bankrupt some time prior to the adjudication, payable to the order of one A. A. Chamberlain, and assigned by Chamberlain to the claimant, as security for her indorsement on a promissory note in the sum of $5,000, executed by Chamberlain and payable to the First National Bank of Vallejo. The referee allowed the claim in the sum of $4,500 and rejected the balance. Upon petition for revision by the trustee, the court below filed an opinion and entered the following order:

"In accordance with the views expressed in the above memorandum, the referee is hereby instructed to hear evidence and make findings as to whether or not there was, and now is, a good and valid defense against said A. A. Chamberlain, claimant's assignor, to said two notes."

The claimant has filed a petition in this court to review the above order in matters of law. Section 24b of the Bankruptcy Act (Comp. St. § 9608) provides that the several Circuit Courts of Appeals shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matters of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Section 25 provides that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Courts of Appeals of the United States, from a judgment adjudging or refusing to adjudge the defendant a bankrupt, from a judgment granting or denying a discharge, and from a judgment allowing or rejecting a debt or claim of $500 or over.

Under these two provisions, the remedy of one complaining of a judgment or order allowing or rejecting a claim is by appeal, and that the remedy is exclusive. As said by the Supreme Court in the Matter of Loving, 224 U. S. 183, 187, 32 S. Ct. 446, 448, 56 L. Ed. 725:

"The question now propounded is: Was the trustee also entitled to a review in the Circuit Court of Appeals under section 24b by petition for review? Under that section authority, either interlocutory or final, is given to the Circuit Court of Appeals to superintend and revise in matters of law the proceedings of the inferior courts of bankruptcy within their jurisdiction. We think this subdivision was not intended to give an additional remedy to those whose

rights could be protected by an appeal under section 25 of the act. That section provides a short method by which rejected claims can be promptly reviewed by appeal in the Circuit Court of Appeals, and, in certain cases, in this court. The proceedings under section 24b, permitting a review of questions of law arising in bankruptcy proceedings, was not intended as a substitute for the right of appeal under section 25. * * * Under section 24b a question of law only is taken to the Circuit Court of Appeals; under the appeal section controversies of fact as well are taken to that court, with findings of fact to be made therein, if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under section 25 a review by petition under section 24b."

See, also, In re Mueller, 135 F. 711, 68 C. C. A. 349; In re Craig Lumber Co. (C. C. A.) 266 F. 692.

The petitioner has a remedy by appeal, under section 25 of the Bankruptcy Act (Comp. St. § 9609), from the final order rejecting or disallowing her claim when one is entered, and, having that remedy, she cannot avail herself of the remedy provided by section 24b.

The petition for revision is therefore dismissed.