SPEARS v. FRENCHTON & B. R. CO.

(Circuit Court of Appeals, Fourth Circuit. February 13, 1914.)

No. 1205.

BANKRUPTCY (§ 210*)—RECOVERY OF PROPERTY—ADVERSE CLAIMS.

Where a bankrupt's trustee filed a petition for delivery to him of the property of a railroad corporation, alleged to belong to the bankrupt, but the railroad company as a corporation claimed the property adversely and denied the jurisdiction of the bankruptcy court to determine such claim in a summary proceeding, the referee was without jurisdiction to hear and determine the claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321–323; Dec. Dig. § 210.*]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

In Bankruptcy. Petition by Samuel T. Spears, as trustee in bankruptcy of Newell Brothers Lumber Company, against the Frenchton & Burnsville Railroad Company to compel defendant to deliver its assets to petitioner as a part of the bankrupt's estate. From a decree setting aside a referee's order granting the relief prayed, petitioner appeals. Affirmed.

B. M. Hoover, of Elkins, W. Va., for appellant.

H. Roy Waugh, of Buckhannon, W. Va., and Langfitt & McIntosh, of Pittsburgh, Pa., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. On the 28th day of December, 1912. S. T. Spears, special receiver in the matter of Newell Brothers Lumber Company, a corporation, bankrupt, in bankruptcy, in the District Court of the United States for the Northern District of West Virginia, filed his petition before M. H. King, referee, before whom said bankruptcy proceedings were pending. The petition alleged that the said Newell Brothers Lumber Company was the owner of a certain railroad together with certain equipment connected therewith, being the same property formerly owned by the Frenchton & Arlington Railway Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany and conveyed by C. E. Specht to the Newell Brothers Lumber Company; that the Frenchton & Burnsville Railroad Company claimed to be the owners of this property, but the petition denied that it had ever acquired any title thereto, and asked that a copy of said petition be served upon said railroad company in order that the title to said property be determined and that possession thereto might be acquired for the receiver or a trustee in case one should thereafter be appointed.

The referee directed that a copy of the petition, together with a copy of the amended petition, filed by the creditors of said bankrupt on the 5th day of October, 1912, be served on the Frenchton & Burnsville Railroad Company, returnable on the 14th day of January, 1913.

The appellee filed an answer to the petition, appearing specially for the purpose of denying the jurisdiction of the referee on the petition and for no other purpose, and among other things alleged that the property in question was not the property of the bankrupt; that the bankrupt had no interest therein; that the property was and is the sole property of the Frenchton & Burnsville Railroad Company; that the same was and is in the sole and exclusive possession of the said railroad company; that it was not amenable to the jurisdiction of the court of bankruptcy; and that if any claim was made to the ownership of said property by any person or corporation the railroad company was entitled to the usual process of law in defense of its rights, and it denied the right of the petitioner to proceed upon motion and rule in a summary manner.

Copies of said petition were served, and on the 14th day of January the matter came on for hearing upon answer of the said railroad company, and depositions of F. A. Holsberry, H. C. Clark, Samuel T. Spears, E. C. Young, and H. B. Young, and after considering the same the referee directed that Samuel T. Spears take possession of all the property, real, personal, and mixed, appertaining to the Frenchton & Burnsville Railroad Company, or claimed by it or by the Newell Brothers Lumber Company, and the question of title of said property was reserved for the future order therein.

From this order the Frenchton & Burnsville Railroad Company appealed to the District Court, and on the 7th day of June, 1913, that court entered an order setting aside the order made by the referee on the 14th day of January, 1913.

The trustee took an appeal from the order of the District Court, and the matter now comes here on appeal.

In disposing of this matter the court below, after referring to the contention of the parties, said:

"They have secured from the reference a summary order, entered upon notice however, directing the receiver of the bankrupt to take possession of and operate it and are further praying the referee to direct sale thereof as the property of the bankrupt liable for its debts. The prayer for, and the summary order directing the taking possession of the road, in effect, admits that such possession was in the railroad company. A railroad company, duly incorporated, is not subject to the bankrupt law. It may be true that a bankrupt may be the owner of its stock; it may have the same officers as the bankrupt, and yet it is a corporation, having a separate identity from the bankrupt one. Under such conditions, I think the referee erred in assuming jurisdiction over it by summary proceeding; that the extent he could go was to author-

213 F.—50

ize the trustee, when appointed, to institute, either in this or a state court, under authority of section 702, an independent suit to assert title to the property and to set aside any transfer or lease thereof by the bankrupt company to the railroad company, and this because of the claim made by the latter to the property and its admitted possession thereof. Collier on Bankruptcy (9th Ed.) 957. A receiver cannot maintain such suit. Frost v. Latham & Co. (C. C.) 181 Fed. 866, 25 Am. Bankr. Rep. 313."

It appearing, as we have stated, that appellee, in its answer, among other things, avers that it is the owner of said property, "adverse to all persons and in possession of the same," we are of the opinion that the ruling of the lower court was proper.

It is well settled that, where one seeks to recover property from an adverse claimant for the estate of the bankrupt, such is not a proceeding in bankruptcy, and that the referee is without jurisdiction to hear and determine any questions arising thereunder. Loveland on Bankruptcy, vol. 2, § 540; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; In re Hayden (D. C.) 172 Fed. 623; First National Bank of Chicago v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051.

For the reasons stated, the decree of the lower court is affirmed. Affirmed.