## BREIT v. MOORE.

### (Circuit Court of Appeals, Ninth Circuit. February 1, 1915.)

#### No. 2435.

BANKRUPTCY ⊝293—VOIDABLE PREFERENCE—SUIT TO RECOVER—JURISDIC-
TION OF BANKRUPTCY COURT.

Where a creditor filed a claim against the estate of a bankrupt, to
which objection was made by the trustee on the ground that the creditor
had received voidable preferences, an order of the referee, made after a
contested hearing and not sought to be reviewed, finding that the creditor
had received payments on his claim within four months prior to the bank-
ruptcy, when the bankrupt was insolvent, and with reasonable ground to
believe that such was the fact and that a preference would result, con-
stitutes an adjudication binding on the creditor, and under Bankr. Act
July 1, 1898, c. 541, § 60b, 30 Stat. 562, as amended by Act Feb. 5, 1903,
c. 487, § 13, 32 Stat. 799 (Comp. St. 1913, § 9644), the court of bankruptcy
has jurisdiction of a suit by the trustee to recover the amount of the pref-
erence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417;
Dec. Dig. ⊝293.]

In Error to the District Court of the United States for the First
Division of the Northern District of California.

Action by William H. Moore, Jr., trustee in bankruptcy of Philip
T. Davidson, against H. Breit, to recover a preference. Judgment for
plaintiff, and defendant brings error. Affirmed.

For opinion below, see 211 Fed. 687.

Samuel M. Samter, of San Francisco, Cal., for plaintiff in error.

Clarence A. Shuey, of San Francisco, Cal., and W. T. Craig, of Los
Angeles, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON,
District Judge.

ROSS, Circuit Judge. The judgment here in contest is a judgment
of a bankruptcy court for the recovery of money from an unsecured
creditor of a bankrupt, found to have been unlawfully paid to him
within four months immediately preceding the adjudication in bank-
ruptcy, as a preference over the other unsecured creditors. The con-
tention is that the court below was without jurisdiction of the suit, and
that the defendant to it was entitled to a jury trial upon the question
as to whether or not the payments received by him from the bankrupt
constituted an unlawful preference over the other unsecured creditors.

In view of the record, we do not think there is any merit in the
contention. It appears that on the 3d day of October, 1912, Davidson
filed in the court below a voluntary petition in bankruptcy; that he
was thereafter duly adjudged a bankrupt; that the matter was duly
referred by the court to one of the referees in bankruptcy, before
whom, on the 19th day of October, 1912, the first meeting of the cred-
itors of the bankrupt was duly and regularly held, at which the com-
plainant in the suit was duly elected trustee of the estate of the bank-
rupt, duly qualifying as such on the 21st of the same month. It ap-

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
220 F.—7

pears that prior to the 8th of July, 1912, Breit sold and delivered to the bankrupt goods, wares, and merchandise of the value of $481.35, all of which was due from the bankrupt to Breit on the day last mentioned. It further appears that on various days thereafter during the months of July, August, and September, 1912, the bankrupt paid to Breit various sums of money, aggregating $250, leaving still due him $231.35. For this latter amount Breit duly filed with the referee a claim, to the allowance of which objections were filed by the trustee on the ground that the above-mentioned payments made to Breit constituted unlawful preferences. The claim and objections subsequently came on regularly for hearing before the referee, evidence on behalf of both parties being taken, and resulted in these findings, conclusions, and judgment:

"A proof of debt having been filed by H. Breit, a creditor herein, in the sum of $231.35, and the trustee herein, Wm. H. Moore, Jr., having filed verified objections thereto, and the said claim and objections coming on for hearing this 14th day of January, 1913, Wm. H. Moore, Jr., trustee, appearing in person, and said claimant not appearing at said hearing, except by deposition, and evidence both oral and written having been introduced, and the court, being advised in the premises, finds the facts to be as follows:

"That prior to the 8th day of July, 1912, the said claimant, H. Breit, sold and delivered to said bankrupt goods, wares, and merchandise of the value of $481.35, and that there was due and owing from said bankrupt to said claimant on said 8th day of July, 1912, as the purchase price of said goods, wares, and merchandise, the sum of $481.35. That within four months next immediately preceding the date of the filing of the petition herein, to wit, the 3d day of October, 1912, the said bankrupt transferred and paid to, and there was received by, said H. Breit from said bankrupt, sums of money on the dates and in the installments as follows:

| | |
|---|---|
| July 8, 1912 | $ 50 00 |
| July 24, 1912 | 50 00 |
| August 1, 1912 | 25 00 |
| August 5, 1912 | 25 00 |
| August 13, 1912 | 25 00 |
| August 20, 1912 | 25 00 |
| August 26, 1912 | 25 00 |
| September 2, 1912 | 25 00 |
| Total | $250 00 |

"That at all times during the four months next immediately preceding the date of the filing of said petition on October 3, 1912, as aforesaid, and at each and all of the dates of the payments by said bankrupt to said claimant hereinabove set forth, the said Philip T. Davidson was insolvent, and that said creditor, said H. Breit, the person receiving said payments and to be benefited thereby, and his agent, Samuel M. Samter, acting therein, had, on the dates of receiving said payments, and each of them, reasonable cause to believe that the enforcement of such transfer would effect a preference, and that at the dates and time of said payments, and each of them, the said payments constituted a transfer of property of said bankrupt to said claimant, and that the transfer thereof then operated as a preference. That the effect of said H. Breit, a creditor as aforesaid, receiving said payments on said dates, was to enable the said H. Breit to receive a greater percentage of his claim against said bankrupt than other creditors of the same class, to wit, unsecured creditors. That the transfer by said bankrupt and the receiving of said payments by said H. Breit constituted a voidable preference, recoverable by the trustee of said estate under section 60 of the Bankruptcy Act of 1898, with amendments.

"Wherefore, by reason of the premises and the law in such cases made and

provided, it is ordered, adjudged, and decreed that the claim of H. Breit, on file herein, stand as proven as an unsecured claim against the estate of Philip T. Davidson, bankrupt, in the sum of $481.35, to be disallowed until the surrender to the trustee of said estate the sum of two hundred and fifty dollars ($250.00), constituting the amount of the voidable preference obtained by said claimant over the other creditors of said bankrupt.

"Dated January 14, 1913.        Lynn Helm, Referee in Bankruptcy."

No review of the foregoing findings, conclusions, or judgment was sought. Becoming final, and Breit refusing to return the money so received by him as a preference, the trustee brought this suit thereon in the court below to recover the amount. The answer of Breit containing no denial of the judgment or of any of the proceedings on which it was based, the court below rightly gave the complainant judgment on the pleadings. Breit was no stranger to the proceedings before the referee. On the contrary, he presented his claim, contested the preference alleged to have been received by him—introducing proof in behalf of his contention—and then abided by the findings and decision against him. He thus had a trial before a competent officer of his own selection of the issue he now claims the right to have tried by a jury. The conclusive answer is that he is concluded by the adverse decision of the referee in which he acquiesced. In such circumstances, that the court below had jurisdiction of the suit of the trustee to recover the property of the bankrupt unlawfully turned over to Breit is sufficiently shown by the decisions of the Supreme Court in the cases of Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and Hicks v. Knost, 178 U. S. 541, 20 Sup. Ct. 1006, 44 L. Ed. 1183.

The judgment is affirmed.