## LINCOLN v. PEOPLE'S NAT. BANK.

## In re CUTTING MOTOR CAR CO.

(District Court, E. D. Michigan, S. D. July 18, 1919.)

No. 5911.

BANKRUPTCY ⟨⟨⟩⟩341—ACTION TO RECOVER PREFERENCE—RES JUDICATA.

Where a claim filed against a bankrupt estate is contested by the trustee on the ground that the creditor received a voidable preference, the decision of the referee that such preference was received and an order for its return, unappealed from, renders the question res judicata, and the creditor cannot relitigate it in a plenary action by the trustee to recover the preference.

At Law. Action by Bela J. Lincoln, trustee in bankruptcy of the Cutting Motor Car Company, against the People's National Bank. Trial to court, and judgment for plaintiff.

Clark, Emmons, Bryant & Klein, of Detroit, Mich., Price & Whiting, of Jackson, Mich., and Warren, Cady, Ladd & Hill, of Detroit, Mich., for plaintiff.

Thomas E. Barkworth, of Jackson, Mich., for defendant.

TUTTLE, District Judge. This is a plenary action, brought by the trustee of the estate of the Cutting Motor Car Company, bankrupt, against the People's National Bank, one of the creditors of said bankrupt, to recover, under section 60b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [Comp. St. § 9644]), an alleged voidable preference received by it from the bankrupt within four months prior to the filing of the petition in bankruptcy. By stipulation between the parties hereto a jury has been waived and the cause submitted to the court upon the files, records, and proceedings in the bankruptcy matter.

After the Cutting Motor Car Company had been adjudicated a bankrupt by this court in the bankruptcy proceedings referred to, the defendant in the present case filed a claim against the bankrupt estate for a balance alleged by it to be due from the bankrupt on certain promissory notes. The trustee filed objections to the allowance of such claim on the ground that the claimant had received from the bankrupt the voidable preference to recover which the present action was afterwards brought. After the taking of testimony at a hearing before him, in which the trustee and the claimant participated, the referee in bankruptcy made and entered an order sustaining the objections of the trustee, disallowing the claim unless the claimant should, within a period of time fixed in such order, surrender to the trustee the amount of the preference found to have been received by it, $6,277.89, and directing the trustee, in the event that the amount of such preference substantially exceeded the dividend payable to unsecured creditors, to consider the advisability of bringing suit against the claimant for the recovery of the preference so received. The claimant filed a petition for the review of such order, alleging that the referee erred in finding that it had received a voidable preference. Thereafter the trustee com-

⟨⟨⟩⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

menced the present action. Subsequently, the appeal from the order of the referee was dismissed by consent of the claimant, the defendant in this action.

The question involved is whether the defendant has received from the bankrupt a preference voidable under section 60b of the Bankruptcy Act. If the transaction resulting in the receipt of such money constituted, under the circumstances surrounding it, such a preference, plaintiff is entitled to recover herein; otherwise, not.

It is urged by plaintiff that the decision of the referee holding that the transaction referred to did constitute the voidable preference alleged is res judicata and precludes defendant from again trying, in this action, the question passed upon and decided by the referee. The identical question involved in the present action was presented and necessarily involved in the proceeding before the referee, to which the present defendant was a party and in which it took part, and that question was there decided adversely to the claim of the defendant. Manifestly, therefore, the doctrine of res judicata is applicable and controlling, and, the question whether the defendant has received a preference from the bankrupt, voidable under section 60b of the Bankruptcy Act, having been properly put in issue and litigated in the bankruptcy proceeding between the present plaintiff and defendant and in that proceeding decided in favor of plaintiff, such question must now be considered a matter adjudicated against the defendant, as between it and the plaintiff, and it cannot be retried in this action. Breit v. Moore, 220 Fed. 97, 135 C. C. A. 573; McCulloch v. Davenport Savings Bank (D. C.) 226 Fed. 309; Ullman, Stern & Krausse v. Coppard, 246 Fed. 124, 158 C. C. A. 350; Clendening v. Red River Valley National Bank, 12 N. D. 51, 94 N. W. 901, 11 Am. Bankr. Rep. 245.

It follows that the plaintiff is entitled to recover herein from the defendant the amount of the preference found by the referee to have been received by it, together with interest thereon at the legal rate from the time of the receipt thereof, and an order will be entered in conformity with the terms of this opinion.