[No. 18190.  Department Two.  January 18, 1924.]

# B. T. Woods, *as Trustee etc., Respondent,* v. Jacob Rapoport, *Appellant.*[1]

Bankruptcy (6, 6-2) — Preferences — Rights of Trustees — Claims Against Estate—Judgment—Jurisdiction.  Under 32 Stat. at L., p. 799, providing that claims of creditors who have received a preference shall not b́e allowed unless such creditors shall surrender such preferences, a referee has power, upon the hearing of a claim, to make findings of fact upon an issue as to a preference; and an order that the claim stand as proven, to be disallowed unless the preference is surrendered, is not a judgment in personam requiring surrender of the preference.

Same (6, 6-2)—Preferences—Claims Against Estate—Jurisdiction—Estoppel.  A creditor filing a claim against the bankrupt invokes the jurisdiction of the referee to determine whether he has received a voidable preference which must be surrendered as a condition precedent to allowance of the claim.

Judgment (216)—Res Judicata—Matters Concluded—Orders of Referee in Bankruptcy.  The decision of a referee in bankruptcy finding a voidable preference by the delivery of certain merchandise, and allowing the claim of a creditor only upon condition of a surrender of the preference, is conclusive unless reversed by direct proceeding, and is *res adjudicata* precluding the creditor from denying the preference and asserting, in an action by the trustee to recover the same, that the goods were his property placed with the bankrupt on consignment for sale.

Bankruptcy (6, 18)—Preferences—Rights of Trustee—Actions—Amount of Recovery.  In an action by a trustee to recover the amount of avoidable preference in the delivery of merchandise, the recovery will not be held excessive where the same was the amount which defendant agreed to pay the bankrupt.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 9, 1923, upon findings in favor of the plaintiff, in an action by a trustee in bankruptcy to recover assets of an insolvent, tried to the court.  Affirmed.

[1]Reported in 222 Pac. 220.

*Maurice D. Leehey* and *Robert M. Jones,* for appellant.

*Leopold M. Stern,* for respondent.

MITCHELL, J.—This is a suit by the trustee in bankruptcy of the estate of Mrs. Anna M. Hahn, to recover $2,589 and interest from the appellant, Jacob Rapoport, trading as Jacob Rapoport & Company, it being alleged that the appellant, as a creditor, received certain property from Mrs. Hahn under circumstances claimed by the trustee to constitute a voidable preference. The defendant being a nonresident of the state, the action was commenced by the attachment of his property here, whereupon he entered a general appearance and made answer. Findings and judgment were entered against the defendant, from which the appeal has been taken.

The complaint alleged, in substance, that Mrs. Hahn was adjudged bankrupt on December 22, 1921, on a petition filed against her November 23, 1921; that the matter was referred to a referee in bankruptcy for further proceedings, as required by the bankruptcy act; that creditors were called on to prove their claims and appoint a trustee; that appellant filed proof of his claim of debt against the bankrupt in the sum of $2,-006.50, with the referee; that the appellant had sold and delivered to the bankrupt, a merchant in Seattle, goods of the value of $4,595.50, which included thirty-two garments shipped to her in September, 1921; that, on October 28, 1921, he received from her a return of twenty-eight of the garments, for which he gave her a credit of $2,589, leaving a balance due him in the sum of $2,006.50; that the trustee filed duly verified objections with the referee against the claim of $2,006.50, on the ground that the return to the appellant of the twenty-eight garments constituted a voidable prefer-

ence; that the hearing on the objections resulted in an order and judgment by the referee, dated July 27, 1922, in substance as follows: That, on the date to which the hearing had been continued, the trustee appeared in person and by his counsel, and that the claimant did not appear in person or by counsel; that witnesses were sworn and evidence taken, whereupon the facts were found to be, in effect, that prior to October 28, 1921, the appellant sold and delivered to Mrs. Hahn goods of the value of $4,595.50, all of which was due and payable on that date; that the petition in bankruptcy against Mrs. Hahn was filed on November 23, 1921, upon which she was, on December 22, 1921, adjudged to be a bankrupt; that, within four months next preceding the filing of the petition in bankruptcy, the appellant received from Mrs. Hahn as payment on account of $4,595.50, goods of the value of $2,589, for the balance of which appellant's claim was filed; that, at all times during the four months just preceding the filing of the petition in bankruptcy, Mrs. Hahn was insolvent, and that on October 28, 1921, when the appellant received goods from her and gave credit therefor on account, the appellant had reasonable cause to believe that she was then insolvent, and that the transfer of such goods, enabling the appellant to receive a greater percentage on his claim than other creditors of the same class, constituted a voidable preference recoverable by the trustee under § 60 of the bankruptcy act of 1898, with amendments. The conclusion or formal order and judgment of the referee being:

"Ordered, adjudged and decreed, That the claim of Jacob Rapoport & Co., on file herein stand as proven as an unsecured claim against the estate of Anna M. Hahn, bankrupt, in the sum of $2,006.50, to be disallowed unless said claimant shall surrender to the trustee of said estate within thirty days from the date

of this order the twenty-eight (28) women's coats or the sum of $2,589, their value, constituting the voidable preference obtained by said claimants over the other creditors of said bankrupt."

The complaint further alleged the refusal of the appellant to surrender the preference or its value, and that the assets of the estate were about $2,113, while its liabilities amounted to $40,500. The demand of the complaint was for judgment in the sum of $2,589 and interest.

The answer of the appellant alleged that he did not sell any goods to Mrs. Hahn, but delivered them to her on consignment, reserving the title in himself, and took back from her the twenty-eight garments as his own property, and that, at that time, they were reasonably worth only $1,000.

A supplemental complaint was filed alleging that, after the commencement of this action, the appellant filed a petition in the original bankruptcy proceedings to set aside the referee's judgment of July 27, 1922, and for a rehearing of the issues determined by that judgment; that the petition was denied by the referee, and that upon review taken to the United States district court, the referee's ruling was in all respects approved and affirmed by the judgment of that court. The allegations of the supplemental complaint were admitted by the appellant.

At the trial the respondent relied mainly on the record and proceedings before the referee in bankruptcy and in the United States district court, and objected to any proof under the allegations of the answer to the effect that the appellant had made a consignment rather than a sale of the goods delivered to Mrs. Hahn. The trial judge held with the respondent that the orders and judgments in the bankruptcy proceedings were *res adjudicata* on that question and precluded

defendant from again trying in this action the question as to whether or not the receipt of the twenty-eight garments constituted a voidable preference. Judgment was directed accordingly by the superior court in the full amount sued for, but, upon reconsideration, the question as to whether the former proceedings were conclusive upon the subject of the value of the twenty-eight garments the case was reopened and testimony taken upon that issue only. Thereupon judgment was entered in favor of the plaintiff for the amount prayed for.

The first contention of the appellant is that the referee was without jurisdiction to make the "findings, conclusions and judgment" entered on July 27, 1922. The argument is that, as the goods returned were never in the actual or constructive possession of the bankruptcy court, but in the possession of the appellant under a claim of right, the only remedy was a plenary suit by the trustee in a court of competent jurisdiction in the territory or district of the appellant's residence. In this connection it is contended by the appellant that "the judgment of the referee orders the appellant to surrender the goods or to pay to the trustee the sum of $2,589. It is in all respects a judgment *in personam.*"

The provisions of the bankruptcy act and many decisions of the courts are cited to show that a plenary suit is required to recover property alleged to belong to a bankrupt estate. We need not review them. The obvious fallacy in the argument is that the proceeding before the referee was not one to recover property, nor was the judgment one requiring the appellant to surrender the goods or pay the value thereof. It was not a judgment *in personam.* The judgment was not upon proceedings commenced by the trustee, but upon proceedings commenced by the appellant himself upon the

proof and filing of his claim against the bankrupt estate. Upon the claim being presented to the referee, he proceeded as required by § 57 of the bankruptcy act. U. S. Comp. Stat. 1901, vol. 3, p. 3443. Subd. d of the section provides that proven claims shall be allowed upon presentation, unless objections to their allowance be made by parties interested, while subd. g of that section, as amended in 1903, 32 Stat. at L., p. 799, provides that claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender such preferences. Accordingly, the order and judgment complained of was that appellant's claim stand as proven, to be disallowed unless he surrender to the trustee the merchandise referred to or its value. It was, in legal effect, in exact accordance with the requirement of the act. It neither required him to surrender the goods nor to pay the value of them, but only that his claim be disallowed unless he did so.

The second contention of the appellant is that the referee acquired no jurisdiction of the appellant to enter its judgment of July 27, 1922. He voluntarily appeared before the referee in presenting his duly verified claim against the bankrupt estate. It was he who invoked the jurisdiction. It was upon that claim that the judgment was made. It is not necessary to decide if there was any lack of validity of the notice by mail given by the referee to the appellant of the objections filed against the claim and of the date fixed for the hearing—the kind of notice recognized and approved by the authorities in all similar situations under the act, particularly if the party had already appeared, as had the applicant in this case, by presenting his claim under consideration by the court through its referee, in the absence of a statute or rule requiring a different kind of notice. *In re Wood,* 210 U. S. 246;

Rem. on Bankruptcy (3d ed.), § 1040. We say not necessary to decide the point, because the supplemental complaint, the allegations of which are admitted, shows that the appellant petitioned the referee to vacate the order and retry the issues, and that, upon a denial thereof, the matter was taken to the judge of the United States district court by the appellant, where an order was entered approving and affirming the action of the referee. The situation thus presented is governed by the rule announced in the case of *Flueck v. Pedigo,* 55 Wash. 646, 104 Pac. 1119, as follows:

"We deem it unnecessary to inquire whether the motion to vacate the tax judgment constituted a general or a special appearance in that proceeding, because the moving parties invoked the jurisdiction of the court to vacate the judgment and the order denying the motion is necessarily binding upon them. It is folly to claim that a party is not bound by an order denying relief which he himself prays for. The moving parties were before the court demanding relief, the court had full and complete jurisdiction of the subject-matter and the parties, and its decision is final until reversed, or set aside in some appropriate proceeding authorized by law. Nor does the fact that the original judgment was void change the rule. As well might.it be claimed that the appellant may institute another action for the same relief upon the affirmance of the judgment appealed from. It is the order denying the motion to vacate that works the estoppel, and not the original judgment. The court does not hold the original judgment valid, but holds the parties estopped to challenge its validity."

The appellant also contends that the order and judgment of the referee does not preclude him from showing that his receiving the goods from the bankrupt did not constitute a voidable preference. As already seen, the act provides that the claims of creditors who have received voidable preferences shall not be allowed un-

less such creditors shall surrender such preferences. In this case it happened that there were objections filed consisting of the charge of a voidable preference. It became the duty of the referee to try the issue, and necessarily he had the power and jurisdiction so to do. The act says he shall not allow the claim unless the creditor surrender the preference, and the question naturally arises, how shall the referee dispose of the claim against which charges of preference are presented unless at the same time he determine the objections. Manifestly the two are inseparable, and the judgment upon each is conclusive unless reversed by direct proceedings.

Precisely a similar situation was considered in the case of *Ullman, Stern & Krausse v. Coppard,* 246 Fed. 124, wherein the circuit court of appeals said:

"The only question presented in this case is whether the judgment of the referee, disallowing, on the objections interposed by the trustee in bankruptcy, a claim against the bankrupt estate by plaintiff in error, on the ground that the creditor had received a preference, constituted *res adjudicata* on the question of preference, and was admissible in evidence in a subsequent suit by the trustee to recover the preference. The District Court affirmatively so ruled, and with this we concur."

A more recent case upon the subject, wherein other authorities are cited, is *Lincoln v. People's Nat. Bank,* 260 Fed. 422. Like the case at bar, that was a plenary suit by a trustee to recover an alleged preference. The defendant had presented a claim against the bankrupt to which the trustee filed objections, alleging a voidable preference. The order of the referee sustained the objections, disallowing the claim unless the claimant surrender the preference. The surrender being refused, the trustee sued. The judgment was for the trustee. Discussing the extent to which the decision of the referee was controlling, the court said:

148 WOODS v. RAPOPORT.

"It is urged by plaintiff that the decision of the referee holding that the transaction referred to did constitute the voidable preference alleged is *res judicata* and precludes defendant from again trying, in this action, the question passed upon and decided by the referee. The identical question involved in the present action was presented and necessarily involved in the proceeding before the referee, to which the present defendant was a party and in which it took part, and that question was there decided adversely to the claim of the defendant. Manifestly, therefore, the doctrine of *res judicata* is applicable and controlling, and, the question whether the defendant has received a preference from the bankrupt, voidable under section 60b of the Bankruptcy Act, having been properly put in issue and litigated in the bankruptcy proceeding between the present plaintiff and defendant and in that proceeding decided in favor of plaintiff, such question must now be considered a matter adjudicated against the defendant, as between it and the plaintiff, and it cannot be retried in this action. *Breit v. Moore,* 220 Fed. 97, 135 C. C. A. 573; *McCulloch v. Davenport Savings Bank* (D. C.), 226 Fed. 309; *Ullman, Stern & Krausse v. Coppard,* 246 Fed. 124, 158 C. C. A. 350; *Clendening v. Red River Valley National Bank,* 12 N. D. 51, 94 N. W. 901, 11 Am. Bankr. Rep. 245."

Finally, it is contended that the amount of recovery allowed the trustee is excessive. There was a conflict in the evidence on the subject, and upon examining the evidence we are not disposed to disturb the finding of the trial court. The amount allowed was the same that the appellant agreed to pay upon receiving the goods from the bankrupt, and this action is to recover the amount of that preferential payment. *Stearns Salt & Lumber Co. v. Hammond,* 217 Fed. 559.

Judgment affirmed.

MAIN, C. J., BRIDGES, FULLERTON, and PEMBERTON, JJ., concur.