## METZ v. KNOBEL et al.

Circuit Court of Appeals, Second Circuit.
July 26, 1927.

No. 363.

**1. Bankruptcy ⬉⟹341—Referee may allow claim, on condition of returning merchandise transferred to claimants by bankrupt, but may not order return of property held adversely or payment of money in lieu thereof (Bankruptcy Act, § 57g [11 USCA § 93]).**

In view of Bankruptcy Act, § 57g (11 USCA § 93 [Comp. St. § 9641]), referee in bankruptcy has jurisdiction, on hearing objections to claim, to make order disallowing claim for receiving voidable preference, and may direct that claim shall be allowed on return, within specified time, of merchandise, whose transfer constituted preference, but may not order return of property held adversely, or payment of money in lieu thereof.

**2. Bankruptcy ⬉⟹341—Submitting claim to referee in bankruptcy carries no consent to adjudicating matter not pertinent to allowance or disallowance.**

Submission of claim to referee in bankruptcy for allowance carries no consent to his adjudicating any matter not pertinent to allowance or disallowance of claim.

**3. Bankruptcy ⬉⟹341—Dismissing on merits action based on order of referee in bankruptcy allowing claim on return of merchandise held proper.**

Dismissing on merits with prejudice action by trustee in bankruptcy seeking recovery on order of referee disallowing claim, but providing, if claimants should return certain goods transferred, constituting voidable preference, by certain time, that claim should be allowed, but, if not, trustee should take proper action to enforce return of merchandise or its value, was proper; but such judgment does not preclude trustee from instituting proper suit to recover property transferred as preference.

**4. Bankruptcy ⬉⟹341—In trustee's suit to recover property as voidable preference, bankruptcy proceedings, if valid, could be received as conclusive evidence of issues properly before referee.**

In suit by trustee in bankruptcy to recover voidable preference, bankruptcy proceedings could be received as conclusive evidence of issues properly before referee.

Appeal from the District Court of the United States for the Southern District of New York.

Action by John P. Metz, as trustee in bankruptcy of the Myray Company, against Morris Knobel and another, copartners trading under the firm name and style of Knobel & Blum, to recover the value of property transferred by the bankrupt. From a judgment of dismissal with prejudice on the merits, plaintiff appeals. Affirmed.

The Myray Company, a corporation, was adjudicated bankrupt by the United States District Court for the District of Minnesota, Fourth Division. The defendants filed their claim in the bankruptcy proceedings, and the trustee filed objections to its allowance, and also filed a petition which set forth that the defendants had received a voidable preference in the return of certain merchandise, and prayed for an order to show cause why their claim should not be disallowed, and an order entered requiring them to surrender the preference. Thereafter proceedings were had before a referee in bankruptcy, to whom the cause had been referred, resulting in his entering an order which, after reciting certain findings of fact and law, reads as follows:

"2. That the said claim of Knobel & Blum filed herein as claim No. 7 should be and the same is hereby disallowed.

"3. That if the said Knobel & Blum returns said merchandise so transferred to Raymond L. Henderson, trustee in bankruptcy herein, within ten days from the date of the service of this order upon them, the claim of said Knobel & Blum shall be allowed herein in the sum of eight hundred five dollars ($805). Should they fail to return said merchandise within said period of time, said trustee shall take such action as may be necessary to enforce the return of said merchandise or its value in the sum of eight hundred five dollars ($805).

A copy of the referee's order was served upon Morris Knobel in New York City, and thereafter the plaintiff, as trustee in bankruptcy, brought this action at law to recover the sum of $805 and interest. A jury being waived, the case came on for trial. The plaintiff introduced certified copies of the proceedings before the referee and made proof of service of the aforesaid order. The District Judge dismissed the complaint upon the merits with prejudice, and judgment was entered accordingly. From this judgment the plaintiff appeals. Affirmed.

Eugene S. Bibb, of New York City, and Allen & Fletcher, of Minneapolis, Minn. (John Marx, of New York City, of counsel), for appellant.

Levy & Levy, of New York City (Ellis V. Levy, of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The judgment should have been brought up for review by writ of error rather than appeal. However, such errors of

form may be ignored. Brown v. Leo, 12 F. (2d) 350 (C. C. A. 2).

[1, 2] The appellant, who will be referred to hereinafter as the plaintiff, states that the theory of his suit is recovery upon the decree entered by the referee in bankruptcy. His complaint is drawn on this theory. He pleads the proceedings in the bankruptcy court as he would plead a complete and final judgment for a sum of money, and he bases federal jurisdiction upon diversity of citizenship. Unfortunately for the plaintiff, he has misconceived the nature of the order made by the Minnesota referee. That order does not direct the defendants to turn over property or pay money to the plaintiff. It directs that the defendants' claim be disallowed, as was proper in view of the finding that they had received a voidable preference. It continues with a direction that their claim shall be allowed if they return within the time specified "said merchandise" transferred to them as a preference. Such an order the referee has jurisdiction to make upon hearing objections to a claim. See Lincoln v. People's Nat. Bank (D. C.) 260 F. 422; Woods v. Rapoport, 128 Wash. 140, 222 P. 220; Remington, Bankruptcy, § 942. But he would have had no jurisdiction to order a return of property held adversely or the payment of money in lieu thereof. See In re Bacon, 210 F. 129 (C. C. A. 2); Spears v. Frenchton, etc., Co., 213 F. 784 (C. C. A. 4); Remington, op. cit. § 647. The defendants' submission of their claim for allowance carries no consent to the referee's adjudicating any matter not pertinent to the allowance or disallowance of the claim. He may determine that a voidable preference has been received, which renders the claim disallowable under section 57g of the Bankruptcy Act (11 USCA § 93; Comp. St. § 9641). In re Dernburg, 5 F.(2d) 37 (C. C. A. 2). But he may not go further and order the return of the property or payment of its value. Fitch v. Richardson, 147 F. 197 (C. C. A. 1); In re Continental Producing Co. (D. C.) 261 F. 627; In re Patterson (D. C.) 284 F. 281. And his order did not attempt to do so.

[3, 4] The judgment must therefore be affirmed. We would not, however, be understood as agreeing with all of the statements in the opinion of the learned District Judge regarding the formal requirements of objections to allowance of a claim on the ground of preference. Nor does affirmance of the judgment mean that we consider the plaintiff precluded from instituting a proper suit to recover the property transferred as a preference. The learned District Judge intimated that in such a suit the bankruptcy proceedings, if valid, could be received as conclusive evidence of the issues properly before the referee. With this we agree; but it is unnecessary at this time to consider the objections raised by the defendants to the validity of the bankruptcy proceedings, nor the precise issues as to which the referee's order would be res adjudicata. See Ullman, Stern. & Krausse v. Coppard, 246 F. 124 (C. C. A. 5); Woods v. Rapoport, supra; McCulloch v. Davenport Bank (D. C.) 226 F. 309; Lincoln v. People's Nat. Bank, supra.

The judgment is affirmed, with costs.