## TRIANGLE ELECTRIC CO. v. FOUTCH
(two cases).

Nos. 8719, 8720.

Circuit Court of Appeals, Eighth Circuit.

April 14, 1930.

George O. Pratt and Thomas H. Reynolds, both of Kansas City, Mo. (Oscar Fainman, of Chicago, Ill., and Claude A. Ferguson, of Kansas City, Mo., on the brief), for appellant.

354

Harry L. Jacobs, of Kansas City, Mo. (Edwards, Kramer & Edwards, Frank P. Barker, I. J. Ringolsky, M. L. Friedman, William G. Boatright, and Ringolsky, Friedman, Boatright & Jacobs, all of Kansas City, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

VAN VALKENBURGH, Circuit Judge.

January 18, 1928, the American Auto & Radio Company was adjudicated a bankrupt in the Western Division of the Western District of Missouri. Appellee, Foutch, is its duly elected and qualified trustee. January 23, 1928, appellant filed against the estate of the bankrupt its claim for merchandise sold in the sum of $4,306.50. Thereafter the trustee filed objections to the allowance of this claim, alleging that on or about December 1, 1927, the bankrupt was insolvent and known so to be by all its officers and directors. That as early as September 1, 1927, the bankrupt and its officers entered into a scheme and conspiracy to purchase all the merchandise possible in the name of the bankrupt on a credit basis, and to dispose of the same for the purpose of hindering, delaying, and defrauding creditors of the bankrupt company; that during the months of November and December, 1927, operations in furtherance of this scheme were begun, and the bankrupt, through its officers, shipped to New York merchandise bought in New York, and threw the same on the New York market at less than cost, for the purpose of realizing thereon money to hide and conceal from creditors, and thereby to prevent them from collecting their debts against the bankrupt company; that on or about December 12, or 14, 1927, to further and facilitate this fraudulent scheme, the bankrupt entered into an agreement with one Arthur Pudlin, who was engaged in business in New York, to handle and dispose of merchandise so transferred to him by the bankrupt in fraud of creditors. That pursuant to this agreement a carload of merchandise, on or about December 14, 1927, was consigned to Pudlin at New York City; but this car was diverted to Chicago and delivered to appellant; that appellant was fully aware of the fraudulent scheme and purpose aforesaid, that said car of merchandise did not belong to Pudlin, but to the bankrupt, and that the bankrupt was insolvent and was thus disposing of its property for the purpose of hinder-

ing and delaying its creditors in the collection of its debts. It is alleged further that, with knowledge of the fraudulent scheme in which the bankrupt was engaged, appellant entered into an agreement with Pudlin whereby it was to be claimed that Pudlin was indebted to appellant in the sum, approximately, of $13,100, and that the said car of merchandise was to be delivered to appellant by Pudlin in satisfaction of this alleged fictitious debt. The trustee alleges that the contents of the car in question were of the cash value of $15,167.42, and prayed that appellant's claim be disallowed until it returned to the trustee the car of merchandise or the ascertained value thereof. Thereafter appellant filed two motions, each entitled "Motion to dismiss set-off or counter claim of trustee heretofore filed as objections to claim of Triangle Electric Company." The grounds stated in said motions are:

1. That referee and court have no jurisdiction to determine the matters contained in said trustee's set-off or counterclaim, and have no jurisdiction to enter thereon an affirmative judgment against appellant.

2. That it appears that the claim of the Triangle Electric Company to the property referred to in the trustee's so-called set-off or counterclaim is adverse and must be determined in a plenary suit.

3. That referee and court have no jurisdiction to determine the merits of such set-off or counterclaim to the extent of any excess over the claim of appellant.

4. That the referee and the bankruptcy court have no jurisdiction to determine the merits of any set-off or counterclaim beyond that necessary to determine the amount due upon the claim of Triangle Electric Company.

Upon hearing, the referee ordered that the motions to dismiss be overruled and that "the objections filed by the trustee will be heard and determined by the court on the sole question of whether or not, on evidence introduced, the claim should be allowed with the proviso, that, if the claimant shall, within a specified time, fixed by the court, return to the trustee the carload of merchandise described and mentioned in the objections, or the cash value of the same, that then the claim shall be allowed in full." On review, this order was confirmed and approved by the district court.

From the decree confirming the referee's order appellant has taken two appeals,

numbered, respectively 8719 and 8720 in this court. The first was allowed by the district judge, the second by this court under section 47, title 11, USCA, as amended by the Act of May 27, 1926. Inasmuch as this proceeding involves a matter requiring allowance of appeal by this court under the provisions of section 24b, as amended, the appeal allowed by the district court should be dismissed.

The first point raised by appellee is that "the order of the referee and district court, allowing testimony to be adduced on objections to allowance of a claim, is purely a preliminary ruling and no appeal lies therefrom to this court." The statute as it existed prior to the amendment of 1926 (44 Stat. 664) has been considered in numerous decisions by Circuit Courts of Appeals and also by the Supreme Court. The consensus of opinion is that appeals from purely intermediate and preliminary orders should be allowed, if at all, only in very exceptional cases. A very excellent statement of the reasons for this conclusion is contained in the opinion of the Court of Appeals for the Third Circuit, in Re Pechin, 227 F. 853, 854:

"There must be a certain degree of finality about these administrative orders before they can be reviewed; if every order were reviewable, proceedings could easily be so tied up and prolonged that the situation would become intolerable. But where a fairly separable subject has been finally disposed of, so that rights have been definitely determined, and practically nothing remains to be done in that respect, such a subject is ready for review. To confine ourselves to the matter in hand; if the District Court should refuse to allow a specification to be filed, or to be amended, such an order has sufficient finality, and may be reviewed."

See, also, In re Chotiner (C. C. A. 3) 218 F. 813.

The Court of Appeals for the Second Circuit holds that "while we can review interlocutory proceedings, it is not advisable so to do." In re Margolies et al., 266 F. 203. The procedure is not favored in Re Horowitz, et al. (C. C. A. 2) 250 F. 106.

"Where on appeal from a referee's order denying the application of a bankrupt's trustee to introduce certain testimony and allowing the claim, the district judge remanded the proceeding to the referee, with instructions to allow the trustee full latitude of inquiry with regard to the claim, but did not pass on the merits of the application to confirm the referee's report, the order was interlocutory and not appealable." In re Strauss (C. C. A. 2) 211 F. 123.

In re Schaffner, 267 F. 977, the same court took cognizance of a petition to revise an interlocutory order, with the express admonition that it was departing from its settled policy in so doing; and the Court of Appeals for the Sixth Circuit in Board of Road Commissioners v. Keil, 259 F. 76, 79, deemed such a review advisable, but said: "We do not intend to hold that we would entertain such a petition in all cases where there had been merely a preliminary declaration of jurisdiction below."

The Court of Appeals for the Ninth Circuit declares that appellate courts do not sit to anticipate possible grievances, nor to try out controversies in piecemeal. Pearson et al. v. Higgins, 34 F.(2d) 27.

It must be remembered that there is presented here an application for the allowance of a claim with the trustee's objections thereto. By section 25a of the Bankruptcy Act (title 11, USCA § 48(a) it is expressly provided that appeals, as in equity cases, may be taken from the courts of bankruptcy to this court "from a judgment allowing or rejecting a debt or claim of $500 or over." This appeal has been brought under section 24b, as amended. The Court of Appeals for the Ninth Circuit, considering these sections, has this to say: "Under these two provisions, the remedy of one complaining of a judgment or order allowing or rejecting a claim is by appeal [under 25a], and that the remedy is exclusive." Chappell v. Brainard, 8 F.(2d) 987.

Especial reference is made to the following language of the Supreme Court in Matter of Loving, 224 U. S. 183, 187, 32 S. Ct. 446, 448, 56 L. Ed. 725:

"The question now propounded is: Was the trustee also entitled to a review in the circuit court of appeals, under § 24b, by petition for review? Under that section authority, either interlocutory or final, is given to the circuit court of appeals to superintend and revise in matters of law the proceedings of the inferior courts of bankruptcy within their jurisdiction. We think this subdivision was not intended to give an additional remedy to those whose rights could be protected by an appeal under § 25 of the act. That section provides a short method by which rejected claims can be promptly reviewed by

appeal in the circuit court of appeals, and in certain cases, in this court. The proceeding under § 24b, permitting a review of questions of law arising in bankruptcy proceedings, was not intended as a substitute for the right of appeal under § 25. Coder v. Arts, supra, p. 233 [of 213 U. S., 29 S. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008]. Under § 24b a question of law only is taken to the circuit court of appeals; under the appeal section, controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under § 25 a review by petition under § 24b."

The Supreme Court in the Loving Case then quotes approvingly from the opinion of Judge (afterwards Justice) Lurton In re Mueller (C. C. A. 6) 135 F. 711, 715, as follows:

"The 'proceedings' reviewable [under section 24b] are those administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate, which are not made specially appealable under 25a. This would include questions between the bankrupt and his creditors of an administrative character, and exclude such matters as are appealable under 24a."

Under the original act, with which these cases deal, reviews under section 24b were instituted by petition to revise. The amendment of May 27, 1926 (11 USCA § 47(b), provides that this power "shall be exercised by appeal, and in the form and manner of an appeal." This cannot alter the rule announced. Appeals in equity require essential finality in the order or decree appealed from.

■ Some analogy to the principle involved is found in the ruling of this court in In re W. A. Paterson Co. (C. C. A.) 186 F. 629, 34 L. R. A. (N. S.) 31, wherein it was held that, where neither referee nor court below makes any affirmative order or renders any affirmative decree or judgment for the payment of any damages or any amount on account of the taking of the property, "a court of bankruptcy has jurisdiction by a summary proceeding to diminish or expunge an allowed claim, unless the claimant pays to the trustee the value of the property of the bankrupt which he has taken and converted to his own

use, without any prior claim to it, after the petition in bankruptcy was filed."

In the Patterson Case the bankruptcy court was proceeding within its jurisdiction to diminish or expunge a claim already allowed, unless the claimant should pay to the trustee the value of property of the bankrupt which he had taken and converted to his own use without authority of law. In the instant case the referee is exercising jurisdiction to ascertain and determine, from evidence to be taken, whether appellant's claim shall be allowed unless it returns to the trustee property of the bankrupt alleged to have been taken without authority of law, or pays to the trustee the cash value thereof.

■ One who has presented proof of debt has submitted his claim to the jurisdiction of the bankruptcy court, and must be deemed to have consented to the jurisdiction of that court to decide any defense that may be lawfully interposed. In re Carl Dernburg & Son, Inc. (C. C. A. 2) 5 F.(2d) 37. Undoubtedly the bankruptcy court has the right to determine at the threshold whether a claim is really adverse or merely colorable. There is persuasive authority to the effect that a referee in bankruptcy has jurisdiction, on hearing objections to a claim on the ground that the claimant has received a voidable preference, or has knowingly received from the bankrupt a transfer of his property in fraud of creditors, to direct that the claim shall be allowed on return, within a specified time, of merchandise whose transfer constituted such preference or fraud. Metz v. Knobel et al. (C. C. A. 2) 21 F.(2d) 317; McCulloch v. Savings Bank (D. C.) 226 F. 309; In re W. A. Paterson Co. (C. C. A. 8) 186 F. 629, 34 L. R. A. (N. S.) 31.

■ Of course the referee has no power to adjudicate an adverse claim, and for this reason, it is presumed, the court in Metz v. Knobel, supra, was of opinion that the referee "may not order return of property held adversely, or payment of money in lieu thereof."

Judge Bledsoe in the Southern District of California, has outlined, for cases like this, the following procedure:

"Upon the reconsideration of the creditor's claims in connection with the asserted counterclaim of the trustee, it would be the duty of the referee, and clearly within his jurisdiction, under the terms of section 68, supra [11 USCA § 108], to enter upon a

determination of the validity and extent of those claims. Having determined that the creditor had valid claims against the estate, in such amount as he might find, it would then be his duty to consider whether or not such claims were to be subject to offset in virtue of the counterclaim asserted. If the amount of the counterclaim as asserted was clearly in excess of the amount of the creditor's claims as allowed, and if the trustee did not then and there waive a recovery, and the right to proceed further against the creditor for all amounts in excess of the claims actually allowed, then it would seem as if, under the authorities, it was the instant duty of the referee to refuse to enter upon a determination of the merits of the asserted counterclaim, because of the fact that he lacked jurisdiction. 34 Cyc. 646. He should have contented himself with merely staying the payment of the creditor's claims until there had been a final judgment upon the counterclaim, remitting the trustee in his prosecution of the same to a court possessing the requisite jurisdiction." In re Continental Producing Co. (D. C.) 261 F. 627, 629.

Such procedure would relieve appellant's apprehension that the finding of the referee would constitute an adjudication binding upon the creditor in a subsequent plenary action. McCulloch v. Savings Bank, supra; Breit v. Moore (C. C. A. 9) 220 F. 97.

Although in an earlier part of his specification of objections to appellant's claim the trustee asserted that he was entitled to a judgment against the Triangle Electric Company, his prayer does not ask such affirmative relief, and the referee's order grants none. He decides only to hear evidence on the sole question of whether appellant's claim shall be allowed, and, if so, on what terms. On the issues presented the bankruptcy court may determine that the transaction described in the objections of the trustee has resulted in an adverse claim in appellant, the merits of which the referee has no jurisdiction to determine. In such case the referee may postpone the allowance or payment of appellant's claim until that matter has been adjudicated in a court of competent jurisdiction. On the other hand, the referee may find, on fuller hearing, that appellant's claim is just, and must be allowed without condition. In any event, a case will be presented appealable under section 25a of the Bankruptcy Act, in which all errors, whether of excess of jurisdiction or otherwise, may be reviewed and corrected. Since in our opin-

ion the order appealed from lacks that finality which entitles it to be reviewed under the provisions of 24b, as amended, and that no special circumstances are presented which demand departure from the orderly procedure contemplated by the act, as uniformly construed, it follows that the appeal under consideration is premature and should be dismissed. It is so ordered.