**In re MARMOLSTEIN.**

**STEINBERG v. MILEA.**

No. 7846.

District Court, E. D. New York.
Jan. 22, 1936.

Michael Berman, of New York City, for complainant.

Herman M. Pildescu, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

This is a motion by complainant in equity to strike an answer, and for a decree pro confesso against the defendant.

The action is by a trustee in bankruptcy against a garage keeper; the complainant seeks a decree declaring that the seizure of a motor truck by the defendant, within four months prior to the voluntary bankruptcy of one Marmolstein, be declared a preference voidable under section 60b of the Bankruptcy Act, as amended (11 U.S.C.A. § 96 (b), and that the defendant be required to turn over to the complainant the said truck or the sum of $800.00 with interest.

The bill recites proceedings before the referee in bankruptcy wherein a proof of claim filed by the defendant as a creditor of the bankrupt, in the sum of $692.10, was expunged at the instance of the trustee, upon the ground that the defendant had received a preference voidable under section 60b; this relief was accorded to the trustee by the referee after the taking of testimony.

The order of the referee is annexed to the bill and by its terms the seizure of the truck is held to have constituted an illegal conversion under the laws of the state of New York, and a voidable preference under section 60b of the Bankruptcy Act, as amended (11 U.S.C.A. § 96(b), and "the proof of debt" is expunged and disallowed "unless and until the said Bruno Milea shall turn over to the said Morris L. Steinberg as Trustee in Bankruptcy herein, pursuant to 57g of the Bankruptcy Act [as amended (11 U.S.C.A. § 93 (g)] * * *" the truck "or its value in the sum of $800, converted by the said Bruno Milea, and received by him as a preference voidable under the Bankruptcy Act," etc.

Then follows a provision that, upon doing either, the proof of debt shall be allowed with leave to the trustee to attack its correctness.

The answer denies that the bankrupt on or about February 10, 1935, was the owner of the truck; and that it was seized by the defendant on that date, and that such seizure was a conversion which occurred within four months of the filing of the petition; and that this defendant knew or had reasonable cause to believe that insolvency existed; and that in seizing the truck he would receive a greater percentage of his indebtedness than could be paid to other creditors, and that the seizure was a conversion under the laws of the state of New York, and a preference voidable under section 60b of the Bankruptcy Act.

It is admitted that a correct copy of the order is annexed to the complaint.

As a first complete defense, it is alleged that the defendant was in the garage business, and that prior to February 10, 1935, the bankrupt stored a Ford truck in the said garage, and purchased gasoline, oil and supplies therefor from the defendant, and became indebted thereby in the sum of $692.10, which has not been paid.

That on February 10, 1935, the defendant caused the truck to be seized by virtue of a lien created in his favor under the laws of the state of New York, and that pursuant thereto the truck was sold at public auction according to the law, upon notice to the bankrupt, whereby $250.00 was realized, and that the defendant had to pay $125.00 out of the said sum to the conditional vendor of the bankrupt and $25.00 for the expenses of the sale, and that he received the sum of $100.00 on account of the said indebtedness, leaving a balance of $592.10 still owing.

398

As a second defense, it is alleged that in March of 1935 the plaintiff in this cause unsuccessfully prosecuted a turn-over proceeding with respect to the said truck before the said referee; and as a third partial defense, the matters alleged in the first defense are reiterated.

■ It will be seen that the defendant seeks to question the determination of the referee that he had received a preference voidable under the Bankruptcy Act. Since he did not seek to review the order of the referee, the complainant urges that it cannot be the subject of collateral attack in this action.

That would seem to be true, and to the extent that the referee was required to pass upon the question of whether there resulted a preference to this defendant, from the proceedings which he conducted to foreclose his garage keeper's lien, the order of the referee is res judicata. McCulloch v. Davenport Savings Bank (D.C.) 226 F. 309; Shea v. Falls Canning Co., 231 App.Div. 535, 247 N.Y.S. 766.

■ The determination of the referee was confined to the issue before him, which had to do only with the objection to the claim presented to him by this defendant. He was empowered to expunge that claim, upon the ground that a preference had come into existence which rendered the claim objectionable. To so much of the referee's jurisdiction, the present defendant subjected himself, by filing the claim.

■ He is not concluded, however, in the sense that he is bound, in the present state of the record, to either return the motor truck or pay $800.00 to the trustee, if the decision in Metz v. Knobel (C.C.A.) 21 F. (2d) 317, is presently understood.

That was an action at law to recover the value of property said to have been transferred by the bankrupt. The defendants had filed a proof of claim in the bankruptcy proceedings of Myray Company, and upon the trustee's objection thereto, the referee disallowed the claim and the order provided that, if the merchandise preferentially transferred were to be returned in ten days, the claim would be allowed, and if not that the referee should take action to procure such return or the value of the merchandise, which was stated to be $805.00.

In affirming a dismissal with prejudice, the court said, 21 F.(2d) 317, 318 (C.C.A.2d Cir.):

"The appellant, who will be referred to hereinafter as the plaintiff, states that the theory of his suit is recovery upon the decree entered by the referee in bankruptcy. His complaint is drawn on this theory. He pleads the proceedings in the bankruptcy court as he would plead a complete and final judgment for a sum of money, and he bases federal jurisdiction upon diversity of citizenship. Unfortunately for the plaintiff, he has misconceived the nature of the order made by the Minnesota referee. That order does not direct the defendants to turn over property or pay money to the plaintiff. It directs that the defendants' claim be disallowed, as was proper in view of the finding that they had received a voidable preference. It continues with a direction that their claim shall be allowed if they return within the time specified 'said merchandise' transferred to them as a preference. Such an order the referee has jurisdiction to make upon hearing objections to a claim. See Lincoln v. People's Nat. Bank (D.C.) 260 F. 422; Woods v. Rapoport, 128 Wash. 140, 222 P. 220; Remington, Bankruptcy, § 942. But he would have had no jurisdiction to order a return of property held adversely or the payment of money in lieu thereof. See In re Bacon, 210 F. 129 (C.C.A.2); Spears v. Frenchton, etc., Co., 213 F. 784 (C.C.A.4); Remington, op. cit. § 647. The defendants' submission of their claim for allowance carries no consent to the referee's adjudicating any matter not pertinent to the allowance or disallowance of the claim. He may determine that a voidable preference has been received, which renders the claim disallowable under section 57g of the Bankruptcy Act (11 U.S.C.A. § 93, Comp.St. § 9641). In re Dernburg, 5 F.(2d) 37 (C.C.A.2). But he may not go further and order the return of the property or payment of its value. Fitch v. Richardson, 147 F. 197 (C.C.A.1); In re Continental Producing Co. (D.C.) 261 F. 627; In re Patterson (D.C.) 284 F. 281. And his order did not attempt to do so."

This defendant, so far as the pleadings indicate, foreclosed his lien under section 184 of the Lien Law of the state of New York (Consol. Laws, c. 33) and, to the extent that this lien was based upon present consideration, it may indeed have been valid under section 67d of the Bankruptcy Act, as amended (11 U.S.C.A. § 107 (d). Present inquiry on that subject, however, is unavailing because this defendant submitted himself to the jurisdiction of the

referee by filing his claim, and he neglected to review the finding of the referee on the question of whether a preference resulted from what the defendant did.

The latter, for all that the pleadings disclose to the contrary, properly pursued a legal right given to him by the laws of the state of New York, and in a court of equity he should be permitted to establish, on the trial of this cause, whatever the evidence may disclose on the subject of the actual value to him of the transaction which has been characterized as a preference in a proceeding which he cannot now review.

For this reason, the motion to strike the answer and to grant the complainant a decree pro confesso will be denied.

Settle order on notice.