## In re FLORSHEIM.

No. 28768–C.

District Court, S. D. California, Central Division.

Oct. 17, 1938.

Edmund Nelson and Hugo A. Steinmeyer, both of Los Angeles, Cal., for Bank of America Nat. Trust & Savings Assn.

Edward Gallaudet, of Glendale, Cal., for trustee.

JENNEY, District Judge.

The creditor Bank of America National Trust & Savings Association filed a claim for $482.25. The Trustee objected to the claim and prayed for its disallowance under Section 57g of the Bankruptcy Act, 11 U.S.C.A. § 93(g), unless the Bank surrendered an alleged preference of $2,125. The objections were tried before the referee who ruled that a preference had been received, and was voidable by the trustee. The Bank filed a petition to review the referee's order, alleging error in general terms. The Bank likewise moved to reopen the record and introduce as additional evidence a set of financial statements issued to the Bank by the bankrupt.

■ General Order 27, 11 U.S.C.A. following section 53, requires that the petition for review set out the error complained of. The bank's petition here alleges error in general terms only. This is not sufficient to satisfy the requirements. The court should not be compelled to search the record for error. In Virginian Ry. Co. v. Chambers, 4 Cir., 46 F.2d 20, the court said [page 24]: "This court cannot undertake to sift the evidence and endeavor to discover an error, simply because the plaintiff has assigned error in general terms."

■ Where an assignment is that a particular finding is not supported by evidence, without stating the substance of the evidence and showing how it fails to support the finding, the assignment is insufficient. The Circuit Court of Appeals for the Ninth Circuit similarly has said, in regard to appellate procedure, that such a petition, as has come before this reviewing court, presented no question for consideration. The court may decline to pass upon points not specifically designated (Humphreys Gold Corp. v. Lewis, 9 Cir., 90 F.2d 896; Century Indemnity Co. v. Nelson, 9 Cir., 90 F.2d 644; Inland Power & Light Co. v. Grieger, 9 Cir., 91 F.2d 811, 112 A.L.R. 1075; Mutual Life Ins. Co. v. Wells Fargo Bank & Union Trust Co., 9 Cir., 86 F.2d 585) or it may simply

dismiss the petition (Hecht v. Alfaro, 9 Cir., 10 F.2d 464).

Accordingly, the petition here is clearly defective, and the court would be fully justified in declining to pass upon the merits until a proper petition had been prepared.

■ However, where patent and unmistakable error appears in the record, the court may, in the interests of expeditious justice, take cognizance of it. Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981; In re Association Dairy Co., D.C.Conn., 251 F. 749.

Here, the referee's order contains a statement that there is due, owing and unpaid from the Bank to the trustee the sum of $2,125. This is substantially in the form of a judgment against the Bank for that amount.

■ The findings of a referee as to preferences, unless reversed on review, become, when final, res judicata upon questions properly presented under Section 57g. Suits may be commenced by the trustee in either federal or state courts, in reliance upon the referee's order as res judicata. Breit v. Moore, 9 Cir., 220 F. 97, 34 A.B.R. 295; Lewith v. Irving Trust Co., 2 Cir., 67 F.2d 855; In re Small Shoe Co., 2 Cir., 5 F.2d 956.

■ But the referee's jurisdiction is limited by the statute; he may not, on a counterclaim by the trustee, make a finding, without the consent of the creditor, that the excess of the counterclaim over the creditor's claim against the estate amounts to a sum certain, due from the creditor to the trustee. Triangle Elec. Co. v. Foutch, 8 Cir., 40 F.2d 353, 15 A.B.R., N.S., 683, 690; Metz v. Knobel, 2 Cir., 21 F.2d 317; In re Continental Producing Co., D.C.So.Cal., 261 F. 627, per Bledsoe, J.; In re Patterson-MacDonald Shipbuilding Co., D.C.W.Wash., 284 F. 281, per Neterer, J.; In re Marmolstein, D.C.N.Y., 13 F.Supp. 396. The order of the referee in the instant case was manifestly erroneous.

■ In connection with the motion to reopen the record to permit the introduction of the bankrupt's financial statements, this court has of course a right to hear new evidence on a petition to review. In re Stokes, D.C., 185 F. 994. The case at bar involves close questions of fact, partic-

ularly as to whether the Bank had reasonable cause to believe that the bankrupt was insolvent and that it was receiving a preference when it appropriated, as a set-off, the bankrupt's money in its possession. On that question, the financial statements are pertinent evidence.

But since in any event the matter must be returned to the referee for revision of his order, it seems advisable that he be instructed to receive in evidence these financial statements and any further testimony the parties may wish to offer. He will then make such new order as he deems appropriate.

So ordered.