### JOHNSON v. WILSON.
### No. 2671.

### District Court, D. Nevada.
### March 3, 1937.

Painter, Withers & Edwards, of Reno, Nev., for plaintiff.

Wayne T. Wilson and Emerson J. Wilson, both of Reno, Nev., for defendant.

NORCROSS, District Judge.

To defendant's answer to plaintiff's amended bill of complaint, plaintiff filed demurrer and motion for judgment on the pleadings.

The demurrer and motion present the question whether certain admissions contained in defendant's answer are conclusive of the rights of the respective parties and, hence, of plaintiff's right to judgment.

The amended bill of complaint sets up three similar causes of action each based on one of three several payments made by the bankrupt to defendant within four months of the order of adjudication. Defendant's answer admits paragraph I of the complaint alleging adjudication and appointment of plaintiff as trustee; asserts insufficient information to base a belief respecting paragraph II alleging insufficient assets to pay creditors; admits payment to himself January 4, 1935, of $1,083.17 as alleged in paragraph III, but alleges that $964.46 thereof represented private funds of defendant advanced by defendant for necessary current expenses of said company and that the same was secured by gold bullion delivered by said company to defendant as a pledge for repayment and payment of accrued salary; denies paragraphs IV and V of the complaint alleging insolvency of said company at the time of said payments or that defendant had reasonable cause to believe that such payments would effect a preference; admits paragraphs VI, VII, VIII, and IX. It is on the basis of defendant's admissions of these four paragraphs last mentioned, which are common to the other two causes of action, that plaintiff's demurrer and motion for judgment are interposed.

928

Concisely stated, it is alleged in the said admitted paragraphs that defendant filed a claim in said bankruptcy proceedings which as subsequently amended was in the sum of $1,875; that the trustee filed objections thereto upon the ground that claimant had received preferential payments including the one presented; that the objections came on regularly to be heard and at the conclusion of the hearing the referee entered an order, a copy of which is attached marked Exhibit A; that defendant did not apply for a review of said order and the time for such application has expired; that subsequent to such order the referee entered an order authorizing the trustee to file this action.

The material portions of the referee's findings as appears from said Exhibit A are the following:

"That at the time of payments to Defendant herein involved and at all times thereafter said company was insolvent. That throughout the existence of the bankrupt corporation defendant was its attorney and for more than a year prior thereto and up to a few days before the filing of the petition in bankruptcy was trustee of the bankrupt corporation and was in sole charge of its business and records, hence, is chargeable with actual knowledge of such insolvency on January 4, 1934, and thereafter."

Following the foregoing findings the said exhibit reads:

"It is therefore hereby ordered:

"1. That said claim be disallowed as filed.

"2. That said claim be allowed as a general claim in the sum of $3,049.96.

"3. That the sum of $2,024.17 admitted in said claim to have been paid to the said Wayne T. Wilson, be adjudged a preference and that the trustee be, and he is hereby instructed to pay no dividends on account of said claim until said preference shall have been fully paid; and that the trustee be, and he is hereby further instructed that in the event the dividends payable in said estate on said claim are not sufficient to off-set said sum of $2,024.17 adjudged to be a preference, that the trustee be, and he is hereby instructed to take steps to collect the same from the said Wayne T. Wilson.

"4. That the said Wayne T. Wilson be given ten days from the date hereof within which to apply for a Writ of Review to the District Court."

The pleadings do not set forth a copy of defendant's claim as filed or as subsequently amended or the protest thereto filed by the trustee. The grounds generally of the protest are, however, admitted by the pleadings. By inference only does it appear that the claim as filed may have contained a statement of the total amounts claimed to be payable to defendant with credits on account leaving a balance due, which balance represented the amount of this claim. The amount as claimed, plus the total amount of the three prior payments held to have been preferential in character, would total $3,899.17, approximately $850 in excess of the amount allowed as a general claim. It does not appear, therefore, upon what basis a preferential claim was allowed as a general claim in an amount materially in excess thereof.

It is well-settled law that the referee's order of allowance or disallowance of a claim is res judicata unless a petition for review is duly filed. Ullman, Stern & Krausse v. Coppard (C.C.A.) 246 F. 124; Breit v. Moore (C.C.A.) 220 F. 97; Remington on Bankruptcy (3d Ed.) Vol. 5, p. 378, § 2313.

In the brief of defendant it is asserted that a petition to review the said order of the referee was not filed because the order was favorable to defendant in that his claim was allowed as a general claim, which allowance exhausted the jurisdiction of the referee to deal further with the subject-matter. In support of this position, defendant cites provisions of the statute which at this time we think unnecessary to consider.

Counsel for plaintiff in his brief quotes Gilbert's Collier on Bankruptcy, p. 778, par. 1059, which reads:

"The rule as now established is as follows: A creditor, who has received a voidable preference and retained the same until deprived thereof by a judgment of the court, may surrender the preference and thereafter prove his claim against the estate. Upon determining that a preference is voidable, the court should fix a reasonable time within which the creditor may surrender and have his claim allowed. The court may settle the amount of dividend coming to him, and the final decree may direct him to pay over the full amount of his preference, with interest, less the amount of his dividend."

In the absence of a copy of the claim as filed and the objection interposed thereto,

it is not clear that the rule as quoted was substantially complied with.

Where, as in the instant case, plaintiff moves for judgment on the pleadings because certain admissions in the answer are claimed to establish res adjudicata, it must be clear from the pleading what issues were presented and determined. It is not sufficiently clear we think to justify the granting of the motion. 34 C.J. p. 1061, § 1500.

The demurrer to the answer is overruled. The motion for judgment on the pleadings is denied.